John N. WITTEKAMP, Plaintiff,

v.

GULF & WESTERN, INC., Gulf & Western Industries, Inc., Gulf & Western Manufacturing Co., and Wicks Manufacturing, Defendants.

Civ. A. No. 89–471.

United States District Court, W.D. Pennsylvania.

April 1, 1992.

Louis M. Tarasi, Jr., Pittsburgh, Pa., for plaintiff.

H. Woodruff Turner, Pittsburgh, Pa., Marc J. Goldstein, New York City, for defendants.

## MEMORANDUM OPINION

LEWIS, District Judge.

Plaintiff brought this two-count suit in order to recover for alleged misrepresentation and breach of contract on the part of the defendants. Both plaintiff and defendants have moved for summary judgment with respect to plaintiff's misrepresentation claim.[1] For the reasons which follow, this court will deny both motions.

Plaintiff alleges that in 1982, defendants induced him to relinquish his position as Chief Executive Officer and Chairman of the Board of a fire truck manufacturing company in western New York in order to become President of the Macintosh–Hemphill division of Gulf & Western Manufacturing Company ("Mac–Hemp"). Plaintiff became the division's president and invested personal funds in Mac–Hemp, forming a corporation to do so. That corporation is now in bankruptcy, due mainly to liabilities which, plaintiff contends, the defendants knew or should have known of but failed to reveal to him. Plaintiff argues that defendants did not inform him of certain unfunded pension liabilities and vested retiree medical insurance benefits at the time he was hired as division president in 1982 and when he purchased Mac–Hemp. This, according to plaintiff, constituted a fraudulent or negligent misrepresentation of the state of the business. Plaintiff specifically alleges that defendants should be liable to him for inducing him to accept employment and to purchase the division once he became its president. Plaintiff asks this court to rule, as a matter of law, that he is entitled to summary judgment as to defendant's failure, whether fraudulent or negligent, to reveal vested retiree medical benefits as contemplated in the October 1983 sales agreement.

Defendants predicate their motion for summary judgment on the theory that plaintiff lacks any evidence which could reasonably support a jury verdict in his favor. Their brief states that because no legal conclusion about terminability of the retirement plan was ever reached or considered by the defendants, no material undisclosed fact ever existed. Def. Brief. p. 10. For similar reasons, defendants argue that no trier of fact could reasonably conclude that they concealed this alleged fact from plaintiff for the purpose of misleading him. Defendants maintain that the record contains no facts upon which reasonable jurors could conclude that plaintiff sustained any pecuniary injury proximately resulting from defendants' alleged nondisclosure. In sum, defendants contend that there is no evidence to support any of the requisite elements of a fraudulent concealment claim under applicable law.[2] Those

1. In defendants' memorandum in support of their motion for summary judgment, the companies make a passing statement purporting to be a "motion" for summary judgment as to plaintiff's breach of contract claim. Because of the brief, conclusory nature of this statement and since the court has not been presented with adequate discussion of the issue by either party, the court will not consider the merits of this motion at this time.

2. While plaintiff moves for summary judgment based on an analysis of his case under Pennsylvania law, defendants contend that New York law applies to this fraud-in-the-inducement claim. Both states require identical elements in a fraud-in-the-inducement claim and therefore the distinction is not material for the purpose of deciding the motions presently before the court. In order to resolve this dispute, however, the

elements include damages proximately caused by nondisclosure of a material fact and intent to mislead through such nondisclosure. *See e.g., Sebring v. Fidelity–Phenix Fire Ins. Co.*, 255 N.Y. 382, 174 N.E. 761 (1931); *accord Delahanty v. First Pennsylvania Bank, N.A.*, 318 Pa.Super. 90, 464 A.2d 1243 (1983).

■ Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment:

> [s]hall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on the file together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the Supreme Court expressed the view that summary judgment is properly entered after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322–24, 106 S.Ct. at 2552–53. The mere existence of a scintilla of evidence in support of the nonmovant's position is insufficient to withstand a summary judgment motion; there must be evidence upon which the jury could find for the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Genuine issues of material fact which preclude summary judgment exist where a reasonable jury could return a verdict for the nonmoving party based on specific evidence contained in the pleadings or discovery documents. *Id.* at 248, 106 S.Ct. at 2510. Because a jury is particularly well-suited to deciding factual issues concerning a party's intent or the reasonableness of a party's conduct, such issues are generally not appropriate for summary adjudication by the court. *Matthews v. Ashland Chemical, Inc.*, 703 F.2d 921 (5th Cir.1983); *Frey v. Woodard*, 748 F.2d 173 (3d Cir.1984).

■ Plaintiff cannot prevail on the motion presently before the court. In order for plaintiff to succeed on his motion for summary judgment, this court would have to hold as a matter of law that defendants fraudulently or negligently failed to reveal the vested retiree medical benefits. For the reasons stated above, that determination is appropriately reserved for the trier of fact. Therefore, plaintiff's motion for summary judgment must be denied.

Turning to defendants' motion, the court is persuaded that summary adjudication should be denied because plaintiff has adduced sufficient evidence to create triable issues of fact with respect to the essential elements of a fraudulent concealment claim. Although defendants contend that plaintiff has not offered evidence to suggest that anyone at Mac–Hemp considered or reached a conclusion about the terminability of the retirement plan, the failure of defendants to disclose that no notice of termination of the plan was received by the United Steel Workers ("USW") during the 1977–78 strike—perhaps making the plan nonterminable—and affidavit testimony concerning oral promises of lifetime medical coverage constitute more than a "mere scintilla of proof," and therefore create a triable issue of fact as to whether any material undisclosed facts ever existed. In the court's view, a reasonable jury could conclude that defendants knew that plaintiff was acting on the basis of mistaken knowledge. To the extent that he was not informed that the USW had not received a termination notice or that defendants made oral promises to retirees regarding lifetime medical coverage, such a finding could be consistent with the plaintiff's theory of liability.

■ Finally, plaintiff's deposition testimony alleging that the liabilities arising from vested retirement benefits caused Mac–Hemp to file bankruptcy provides a reasonable basis on which a jury could conclude that defendants' conduct was the proximate cause of pecuniary losses suffered by plaintiff. On this point, the court notes, however, that only actual pecuniary

court will issue an order calling for briefs on the choice of law problem.

losses may be recovered under a fraudulent nondisclosure claim. *Dress Shirt Sales, Inc. v. Hotel Martinique Assocs.*, 12 N.Y.2d 339, 343, 239 N.Y.S.2d 660, 190 N.E.2d 10 (1963); *Neuman v. Corn Exchange Nat'l Bank & Trust Co.*, 356 Pa. 442, 51 A.2d 759 (1947).

For the reasons stated in this opinion, defendants' motion is also denied. An appropriate order will follow.