634 A.2d 657

**James V. ELIA and Patricia May Elia, His Wife, Appellants,**

**v.**

**ERIE INSURANCE EXCHANGE and Paul L. Richter, M.D.**

Superior Court of Pennsylvania.

Argued Oct. 19, 1993.

Filed Dec. 1, 1993.

---

Kenneth W. Behrend, Pittsburgh, for appellants.

Lynn E. Bell, Pittsburgh, for Paul L. Richter, M.D., appellees.

Before CIRILLO, FORD ELLIOTT and CERCONE, JJ.

CIRILLO, Judge:

This is an appeal from an order of the Court of Common Pleas of Allegheny County granting summary judgment in favor of appellee Paul L. Richter, M.D. (Dr. Richter) and against appellants James V. Elia and Patricia May Elia. We affirm.

The facts of this case, as found by the trial court, are largely undisputed. On April 16, 1987, Mr. Elia was involved in a motor vehicle collision. Insured by Erie Insurance Exchange (Erie), Mr. Elia filed a claim for first party medical and wage loss benefits. Erie requested that Mr. Elia undergo an independent medical examination; the examination was performed by Dr. Richter.

Dr. Richter's report, dated January 26, 1988, was sent to William Stevens, claims adjuster for Erie. The report indicates that Dr. Richter performed a complete neurological examination of Mr. Elia. Dr. Richter's report concludes as follows:

My diagnosis is exaggerated disability. I find no convincing evidence in the medical records that the patient was ever significantly injured. It's my recommendation that he return to work as a bricklayer at this time.

The report states that the physical examination of Mr. Elia, including the straight leg raising test, revealed that Mr. Elia "was not genuine." In addition, Dr. Richter summarizes the results of the sensory examination as "typical of malingering." In fact, the section of the report detailing the sensory examination reads: "At this point [of the examination] I was curious how much faking I would find." A review of the record indicates that the report was viewed by Erie's adjuster; Dr. Richter's secretary, who typed the report; and Mr. Elia.

Mr. Elia filed a complaint in defamation, alleging that the medical report prepared by Dr. Richter was widely circulated among employees of Erie bringing Mr. Elia "into public scandal and reproach," and causing Erie to refuse payment of

medicals and lost wages. The Honorable Eunice Ross granted Dr. Richter's motion for summary judgment. This appeal followed. Mr. Elia's "Summary of the Argument" portion of his brief best articulates the issue raised on appeal:

Does a doctor performing a medical review of an insured, on behalf of the insurance company, [who] makes defamatory statements without an adequate factual basis, inferring the insured committed insurance fraud, and which causes the insurance company to stop the first party benefit payments, have immunity from a claim for defamation? [1]

Initially, we note our standard of review in this case. We will uphold a grant of summary judgment only in those cases in which the pleadings, depositions, interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b); *Rosen v. Tesoro Petroleum Corporation*, 399 Pa.Super. 226, 228–29, 582 A.2d 27, 28–29 (1990). We must accept as true all well-pleaded facts in the non-moving party's pleadings and give the non-moving party the benefit of all reasonable inferences to be drawn therefrom. *Lookenbill v. Garrett*, 340 Pa.Super. 435, 490 A.2d 857 (1985).

In an action for defamation, the plaintiff must prove:

(1) the **defamatory character** of the communication;

(2) its **publication** by the defendant;

(3) its **application** to the plaintiff;

1. Mr. Elia's "Statement of Questions Involved" in his brief formally presents his claims on appeal as follows:
 (1) A factual dispute exists, thus summary judgment should be inappropriate;
 (2) There is no opinion exception to defamation;
 (3) No conditional privilege existed for the libelous comments; if a privilege was found to exist, it was abused and the facts relied upon in the report were negligent and/or malicious;
 (4) Dr. Richter's affidavit in support of the motion for summary judgment is incomplete and defective; and
 (5) Credibility of the witnesses and the *Nanty–Glo* rule apply to bar the motion for summary judgment.
 (Appellant's Brief at p. 3).

(4) the **understanding by the recipient** of its defamatory **meaning;**

(5) the **understanding by the recipient** of it as intended to be applied to the plaintiff;

(6) **special harm** resulting to the plaintiff from its publication; and

(7) **abuse of a conditionally privileged occasion.**

42 Pa.C.S.A. § 8343(a) (emphasis added); *see also Smith v. Wagner*, 403 Pa.Super. 316, 588 A.2d 1308 (1991); *Thomas Merton Center v. Rockwell International Corp.*, 497 Pa. 460, 442 A.2d 213 (1981); *Kryeski v. Schott Glass Technologies*, 426 Pa.Super. 105, 626 A.2d 595 (1993). The defendant has the burden of proving, when relevant to the defense:

(1) the **truth** of the defamatory communication;

(2) **the privileged character of the occasion on which it was published;** and

(3) the character of the subject matter of defamatory comment as of **public concern.**

42 Pa.C.S.A. § 8343(b) (emphasis added).

 Defamation is a communication which tends to harm an individual's reputation so as to lower him or her in the estimation of the community or deter third persons from associating or dealing with him or her. *Zartman v. Lehigh County Humane Soc.*, 333 Pa.Super. 245, 482 A.2d 266 (1984). Under Pennsylvania defamation law, only statements of fact can support an action for libel or slander, not merely expressions of opinion. 42 Pa.C.S.A. § 8343(a); *Baker v. Lafayette College*, 350 Pa.Super. 68, 504 A.2d 247 (1986), *aff'd*, 516 Pa. 291, 532 A.2d 399 (1987). Further, whether a particular statement or writing constitutes fact or opinion is a question of law for the court to determine in the first instance. *Braig v. Field Communications*, 310 Pa.Super. 569, 456 A.2d 1366 (1983). Additionally, it is within the trial court's province to determine whether the challenged statements are capable of having defamatory meaning. *Cashdollar v. Mercy Hosp. of Pittsburgh*, 406 Pa.Super. 606, 616, 595 A.2d 70, 75 (1991); *Zartman*, 333 Pa.Super. at 250, 482 A.2d at 268.

■ Next, in order for defamation to occur in the form of either libel or slander, the defamatory statement must be published or communicated to a third person. *Gaetano v. Sharon Herald Co.*, 426 Pa. 179, 182, 231 A.2d 753, 755 (1967); *see also Sobel v. Wingard*, 366 Pa.Super. 482, 531 A.2d 520 (1987); *Agriss v. Roadway Express, Inc.*, 334 Pa.Super. 295, 483 A.2d 456 (1984). Here, we find that Dr. Richter's medical report was adequately published to Erie—via Erie's claims adjuster. *See Chicarella v. Passant*, 343 Pa.Super. 330, 494 A.2d 1109 (1985) (investigator's report regarding plaintiff's character communicated allegedly defamatory matter to insurance company which hired investigator to prepare report and, thus, publication requirement of defamation action was satisfied).

■ Notwithstanding the above, a publisher of defamatory matter is not liable if the publication was made subject to a privilege, and the privilege was not abused. *Chicarella*, 343 Pa.Super. at 337, 494 A.2d at 1112–13. "Communications made on a proper occasion, from a proper motive, in a proper manner, and based upon reasonable cause are privileged." *Id.* at 337, 494 A.2d at 1113 (quoting *Beckman v. Dunn*, 276 Pa.Super. 527, 536, 419 A.2d 583, 587 (1980)); *see also Baird v. Dun & Bradstreet, Inc.*, 446 Pa. 266, 285 A.2d 166 (1971). Examples of such occasions giving rise to conditional privileges are:

(1) when some interest of the publisher of the defamatory matter is involved;

(2) when some interest of the recipient of the matter, or a third party is involved; or

(3) when a recognized interest of the public is involved.

*Beckman*, 276 Pa.Super. at 536, 419 A.2d at 587. Depending upon the importance of the publisher's actions to society, the privilege may be absolute or conditional/qualified. *See Baird, supra* (finding credit reports conditionally privileged since credit reporting agency is in the business of reporting financial information to subscribers who request such service); *Beckman, supra* (holding letter from university professor to

university ombudsperson regarding former doctoral student's participation in program conditionally privileged because both professor and ombudsperson have interest in qualifications of those to be granted graduate degree from the university); and *Forman v. Cheltenham Nat. Bank,* 348 Pa.Super. 559, 502 A.2d 686 (1985) (disparaging another's land, chattels or intangible things by asserting inconsistent legally protected interest in oneself is conditionally privileged).

In *Chicarella,* the plaintiff brought a defamation suit against an investigation firm, its employees, and an insurance company. 343 Pa.Super. at 337, 494 A.2d at 1112. The facts in *Chicarella* are similar to those in the instant case. There, the plaintiff filed a claim with the insurer alleging that he had been in an accident with one of the insurer's policyholders. To determine the validity of the claim, the insurer hired an agency to investigate plaintiff's work history, physical condition, and community standing. *Id.* The report was completed by the investigator and submitted to the insurance company. This court upheld the trial court's grant of demurrer in favor of defendants, holding that the publication of information *at the request of a party with an interest in the information* should be privileged. *Id.* at 337, 494 A.2d at 1113. More specifically, this court identified the insurance company's interest in paying only legitimate claims and society's interest in distinguishing valid from fabricated claims. *Id.*

In this case, Dr. Richter examined Mr. Elia at the request of Erie and with the consent of Mr. Elia. Like the investigator in *Chicarella,* Erie had an interest in Dr. Richter's diagnosis of "exaggerated disability" so that Erie could properly assess the validity of Mr. Elia's claim. Moreover, the Commonwealth, insurance carriers, and insureds all have an interest in precluding payments on illegitimate or fraudulent claims. We find, therefore, that Dr. Richter's medical report to Erie is a conditionally privileged communication. *Chicarella, supra.*

Once a matter is deemed conditionally privileged, the plaintiff must establish that the defendant abused that

conditional privilege. *Chicarella,* 343 Pa.Super. at 337, 494 A.2d at 1113. Abuse of a conditional privilege is indicated when the publication:

(1) is actuated by malice [2] or negligence;

(2) is made for a purpose other than that for which the privilege is given;

(3) is made to a person not reasonably believed to be necessary for the accomplishment of the purpose of the privilege; or

(4) includes defamatory matter not reasonably believed to be necessary for the accomplishment of the purpose.

*Beckman,* 276 Pa.Super. at 537, 419 A.2d at 588.

Mr. Elia contends that Dr. Richter's report is malicious in that it implies criminal conduct on the part of Mr. Elia. This contention is not supported by the record. Dr. Richter's report does not accuse Mr. Elia of any criminal behavior, nor does it speculate as to why Mr. Elia was "exaggerating" his symptoms. There is no evidence in the record to indicate that Dr. Richter rendered his medical opinion maliciously in any intentional or willful manner.

Next, we find that the publication to Erie was made for the exact purpose for which the privilege was given. Erie hired Dr. Richter to examine Mr. Elia specifically for the purpose of determining insurance coverage. Mr. Elia was aware of this purpose when he agreed to undergo the examination. Upon completion of the examination and report, the report was sent directly to Erie.

Similarly, there is nothing in the record to demonstrate that the report was circulated to anyone other than those necessary to ascertain the validity of Mr. Elia's claim, Dr. Richter's secretary and Erie's adjuster. If Mr. Elia chose to show the report to family members and/or friends, that choice rests solely on his shoulders. *See* 42 Pa.C.S.A. § 8343(a)(2).

---

**2.** Malice consists of a wrongful act, done intentionally without just cause or excuse, *Corabi v. Curtis Publishing Co.,* 441 Pa. 432, 273 A.2d 899 (1971), or generated from reckless or wanton disregard of another's rights. *Purcell v. Westinghouse Broadcasting Co.,* 411 Pa. 167, 191 A.2d 662 (1963).

Last, the report does not go beyond the scope of the privilege in that it only conveys Dr. Richter's opinion as to the extent, or lack thereof, of Mr. Elia's injuries. The fact that Dr. Richter elected words like "malingering" and "exaggerating" does not transform his medical opinion into a defamatory statement. *Chicarella, supra; Beckman, supra.*

We hold, therefore, that Dr. Richter's report is conditionally privileged and that Mr. Elia has not sustained his burden of proving that Dr. Richter abused that privilege. We affirm the trial court's grant of summary judgment in favor of appellee Paul L. Richter, M.D. and against appellants James and Patricia Elia.

Judgment affirmed.