Norman L. JOHNSON, Ph.D., Plaintiff,

v.

RESOURCES FOR HUMAN DEVEL-OPMENT, INC., Harvey Schwartz and Vicki Hayes, Defendants.

No. CV–93–5360.

United States District Court, E.D. Pennsylvania.

Aug. 1, 1994.

Bailey, Hardy & Alm, Harrisburg, PA, for plaintiff.

Klehr, Harrison, Harvey, Branzburg, Ellers & Weir, Allentown, PA, for defendants.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

This civil matter is before the court by motion of the Plaintiff, Norman L. Johnson, Ph.D. ("Johnson") to dismiss the counterclaim for defamation filed April 4, 1994 by Defendant Resources for Human Development, Inc. ("RHD") in Defendant's Answer With Affirmative Defense And Counterclaim To Plaintiff's Amended Complaint. For the reasons below, Plaintiff's motion is denied.

### I. HISTORY OF THE CASE

RHD's counterclaim arose on or about June 1, 1993 when Johnson prepared and published an allegedly defamatory memorandum to certain federal, state and local government offices. RHD, a non-profit organization sponsoring government-funded social service programs, terminated Johnson as a clinical coordinator on June 15, 1993. John-son, a black plaintiff claiming discrimination in violation of 42 U.S.C. § 1981 and §§ 2000e–2000e–5 ("Title VII"), seeks dismissal of RHD's counterclaim by asserting a privilege to communicate a matter of public concern or appertaining to public funds to persons authorized to act in the public interest. RHD opposes Johnson's motion by asserting that Johnson abused his conditional privilege by excessive publication and by intending only to protect a private interest.

### II. STANDARDS APPLICABLE TO A RULE 12(b)(6) MOTION TO DISMISS

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is the appropriate method by which to challenge the legal sufficiency of a claim. *See e.g. United States v. Marisol, Inc.*, 725 F.Supp. 833, 836 (M.D.Pa.1989). The standard for dismissal of a counterclaim is the same as the standard for dismissal of a complaint. *United States v. Union Gas Co.*, 743 F.Supp. 1144, 1150 (E.D.Pa.1990).

In ruling upon a 12(b)(6) motion to dismiss, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be considered. *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3d Cir.1990). The court must accept as true all of the matters pleaded, and construe all reasonable inferences drawn therefrom most favorably to the non-moving party. *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir.1990); *Hough/Loew Assoc., Inc. v. CLX Realty Co.*, 760 F.Supp. 1141, 1142 (E.D.Pa. 1991). The court determines whether the allegations constitute a statement of a claim under Rule 8(a) and whether the pleader is entitled to any relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988).

A complaint is properly dismissed under Rule 12(b)(6) only if it appears certain that no set of facts can be proved which would entitle the pleader to relief. *Conley*, 355 U.S. at 43–47, 78 S.Ct. at 101–02; *Ran-*

*som*, 848 F.2d at 401. A complaint may be dismissed under Rule 12(b)(6) when the allegations indicate the existence of an affirmative defense, but the defense must clearly appear on the face of the pleading. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 787 F.Supp. 471, 480 (E.D.Pa.1992) (granting motion to dismiss based on qualified immunity). A privilege to publish defamatory matter is an affirmative defense that has been considered on a Rule 12(b)(6) motion to dismiss, *Schiavone Const. Co. v. Time, Inc.*, 847 F.2d 1069, 1075 (3d Cir.1988), but an affirmative defense will not generally support a Rule 12(b)(6) motion to dismiss. *Fortner v. Thomas*, 983 F.2d 1024, 1028–9 (11th Cir.1993).

## III. DISCUSSION

Ruling on Johnson's motion requires the court to determine whether RHD's allegations (1) fully plead an action for defamation, (2) permit Johnson to assert privilege as an affirmative defense, and (3) plead that Johnson abused any privilege.

### A. RHD HAS FULLY PLEADED A PRIMA FACIE CASE FOR DEFAMATION

 The court must initially determine whether the complained-of statements are reasonably capable of conveying the alleged defamatory meaning to the publisher's intended recipients. *See e.g. Weinstein v. Bullick*, 827 F.Supp. 1193, 1196 (E.D.Pa.1993) (citing *e.g. Baker v. Lafayette College*, 516 Pa. 291, 296, 532 A.2d 399, 402 (1987)); *Pino v. Prudential Ins. Co.*, 689 F.Supp. 1358, 1365 (E.D.Pa.1988). Statements which harm a person's business or profession, lower a person's reputation in the community or deter third persons from dealing with the subject of the statement convey a defamatory meaning. *Pino*, 689 F.Supp. at 1365; *Elia v. Erie Ins. Exch.*, 430 Pa.Super. 384, 390, 634 A.2d 657, 660 (1993). *See also Baker*, 532 A.2d at 402. Corporations may claim defamation for language which imputes incompetence, dishonesty or lack of integrity in business conduct. *Zerpol Corp. v. DMP Corp.*, 561 F.Supp. 404, 408–9 (E.D.Pa.1983), *Cosgrove Studio and Camera Shop, Inc. v. Pane*, 408 Pa. 314, 319–20, 182 A.2d 751, 753–

4 (1962). Opinions are actionable which in context reasonably imply to intended recipients that undisclosed defamatory facts justify the opinion. *Baker*, 532 A.2d at 402; *Dougherty v. Boyertown Times*, 377 Pa.Super. 462, 478, 547 A.2d 778, 782–3 (1988).

The court accepts as true RHD's allegation that Johnson's memorandum is defamatory. RHD quotes Johnson's memorandum to allege that Johnson defamed RHD's operations and personnel, and Johnson does not challenge the defamatory character of his memorandum.

Following the court's determination that the complained-of statements are capable of defamatory meaning, libel claims must allege seven elements:

(1) the defamatory character of the communication;

(2) its publication by the defendant;

(3) its application to the plaintiff;

(4) the understanding by the recipient of its defamatory meaning;

(5) the understanding by the recipient of it as intended to be applied to the plaintiff;

(6) abuse of a conditionally privileged occasion;

(7) the publication was made maliciously or negligently.

42 Pa.Cons.Stat.Ann. § 8343(a)(1)–(5), (7), 8344 (1992); *Pino*, 689 F.Supp. at 1365–1369 (citing *Marcone v. Penthouse Int'l Magazine for Men*, 754 F.2d 1072, 1077 (3d Cir.1985)); *Geyer v. Steinbronn*, 351 Pa.Super. 536, 549–565, 506 A.2d 901, 908–916 (1986). *See also Agriss v. Roadway Express, Inc.*, 334 Pa.Super. 295, 303, 328, 483 A.2d 456, 461, 474 (1984) (holding that plaintiffs in libel need not prove special damages).

 Under Pennsylvania law, defamation claims must allege that the publisher acted "maliciously", 42 Pa.Cons.Stat.Ann. § 8344 (1992), that is, with knowledge of falsity or reckless disregard for the truth, *Marcone*, 754 F.2d at 1081; *Pino*, 689 F.Supp. at 1369; *Geyer*, 506 A.2d at 916, when: (1) the plaintiff is seeking punitive damages, *U.S. Healthcare, Inc. v. Blue Cross of Greater Phila.*, 898 F.2d 914, 929 (3d Cir.1990) (citing *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 347–49, 94 S.Ct. 2997, 3010–12,

41 L.Ed.2d 789 (1974) (holding that states may determine the standard of liability that a private figure must show in matters of public concern, but plaintiffs seeking punitive damages must show "actual malice" on the part of the publisher)); *Pino*, 689 F.Supp. at 1369; *Geyer*, 506 A.2d at 916, or (2) the plaintiff is a private figure but complains of statements that are a matter of public concern, *Pino*, 689 F.Supp. at 1369; *Geyer*, 506 A.2d at 916, or (3) the plaintiff is deemed a public figure, *U.S. Healthcare*, 898 F.2d at 919 (citing *Gertz*, 418 U.S. at 347–49, 94 S.Ct. at 3010–12); *Marcone*, 754 F.2d at 1081–82 (citations omitted). The classification of the plaintiff in a defamation action as either public or private is a question of law. *Marcone*, 754 F.2d at 1081 n. 4 (citations omitted). Parties may be deemed limited purpose public figures by becoming involved in particular public controversies. *Marcone*, 754 F.2d at 1082 (citing *Gertz*, 418 U.S. 323, 345, 94 S.Ct. 2997, 3009, 41 L.Ed.2d 789 (1974)). Newsworthiness alone does not create a public controversy; a controversy is public when it affects more than its immediate participants. *Marcone*, 754 F.2d at 1083.

▮ RHD has fully pleaded a libel claim for punitive damages. Johnson does not challenge RHD's pleading of the first five required elements. RHD pleads abuse of privilege by asserting that Johnson intended only to prevent his termination by maliciously publishing the memorandum to parties beyond those necessary to protect the recognized public interest. RHD's allegation that Johnson published the memorandum with knowledge of the falsity of the statements at the time of publication meets the constitutionally required liability standard for seeking punitive damages. This court need not consider whether RHD is a limited purpose public figure.

### B. JOHNSON HAS ASSERTED A CONDITIONAL PRIVILEGE AS AN AFFIRMATIVE DEFENSE WHICH IS CLEARLY APPARENT FROM THE PLEADINGS

▮ Publishers of defamatory statements may defend by proving that the complained-of statements were true, of public concern, or privileged. 42 Pa.Cons.Stat.Ann. § 8343(b) (1992); *U.S. Healthcare*, 898 F.2d at 923; *Elia*, 634 A.2d at 660. The "publisher of defamatory matter is not liable if the publication was made subject to a privilege, and the privilege was not abused." *Elia*, 634 A.2d at 660. Communications are privileged when "made on a proper occasion, from a proper motive, in a proper manner and based upon a reasonable cause." *Id.; Pino*, 689 F.Supp. at 1368.

▮ Privileges are absolute or conditional, based on the social value of the publisher's actions. *Elia*, 634 A.2d at 660. Absolute privileges are granted by statute, *Pino*, 689 F.Supp. at 1367, to statements made by participants in any stage of judicial or legislative proceedings, *Lohman v. Township of Oxford*, 816 F.Supp. 1025, 1030 (E.D.Pa.1993), *Post v. Mendel*, 510 Pa. 213, 223, 507 A.2d 351, 356 (1986) (recognizing privilege to publish defamatory matter preliminary to and relating to a proposed judicial proceeding), *Pawlowski v. Smorto*, 403 Pa.Super. 71, 81, 588 A.2d 36, 41 (1991), to high public officials acting within the scope of their duties, *Montgomery v. Philadelphia*, 392 Pa. 178, 140 A.2d 100, 103 (1958), to employers issuing evaluations, warning letters or terminations, *Sobel v. Wingard*, 366 Pa.Super. 482, 487, 531 A.2d 520, 522 (1987) (citing *Agriss* 483 A.2d at 464), or by consent, *Id.* Conditional privileges arise when the communication involves an interest of the publisher, the recipient, a third party or the public. *Elia*, 634 A.2d at 660.

▮ Johnson's affirmative defense of a conditional privilege is apparent from RHD's pleadings. RHD avers that it is a non-profit organization sponsoring social service programs funded by federal, state and local government grants and acknowledges Johnson's conditional privilege to publish a matter of public interest to recipients authorized to act if the statements are true. Johnson does not assert an absolute privilege, citing no statutory authority for an absolute privilege to report the alleged violations to the identified agencies, offering his recipients additional information but not as a witness or party preliminary to and in relation to a proposed judicial proceeding, and evaluating RHD per-

sonnel but not as an employer. Granting Johnson a conditional privilege, however, does not permit granting Johnson's motion for dismissal.

## C. RHD'S ASSERTION THAT JOHNSON ABUSED A CONDITIONAL PRIVILEGE IS AN ISSUE OF FACT WHICH REQUIRES THE DENIAL OF JOHNSON'S MOTION

The court determines whether a privilege applies but the jury considers whether that privilege was abused. *Bargerstock v. Washington Greene Community Action Corp.*, 397 Pa.Super. 403, 411, 580 A.2d 361, 364 (1990) (citing *Montgomery v. Dennison*, 363 Pa. 255, 69 A.2d 520 (1949)). Plaintiffs have the burden to prove a defendant's abuse of privilege. *U.S. Healthcare*, 898 F.2d at 923; *Elia*, 634 A.2d at 661. Absolute privileges are lost by excessive publication. *Agriss*, 483 A.2d at 463. Conditional privileges are abused by publication made (1) intentionally, recklessly or negligently[1], (2) for a purpose other than the purpose for which the privilege is given, (3) to a person not reasonably believed to be necessary for the accomplishment of the purpose of the privilege, or (4) of defamatory matter not reasonably believed to be necessary to accomplish the purpose of the privilege. *Elia*, 634 A.2d at 661.

RHD's allegations of Johnson's abuse of privilege raise material fact issues and require denial of Johnson's motion for dismissal.

## ORDER

AND NOW, this 1st day of August, 1994, upon consideration of Plaintiff's Fed.R.Civ.P. 12(b)(6) motion to dismiss Defendant's counterclaim, it is hereby ORDERED that plaintiff's motion is DENIED.

---

**1.** Private figure plaintiffs involved in matters not of public concern can establish that the publisher abused any conditional privilege by showing that the publisher acted negligently. *Bargerstock*, 580 A.2d at 364; *Banas v. Matthews Int'l Corp.*, 348 Pa.Super. 464, 468, 502 A.2d 637, 639 (1985).