Lawrence SIMMS, Plaintiff,

v.

**EXETER ARCHITECTURAL PRODUCTS, INC., Charles D. Flack, Jr. and Harold E. Flack, II, Defendants.**

Charles D. FLACK, Jr. and Harold E. Flack, II, Plaintiffs,

v.

Lawrence P. SIMMS, Defendant.

Civil A. No. 3:CV–93–0792.

United States District Court, M.D. Pennsylvania.

Feb. 13, 1996.

Matthew A. Cartwright, Munley, Mattise, Kelly & Cartwright, Scranton, PA, G.F. Blake, Elliott Reihner Siedzikowski North & Egan, Scranton, PA, Thomas I. Vanaskie, Elliott, Bray & Riley, Scranton, PA, for Lawrence P. Simms.

Joseph T. Wright, Jr., McDonnell, O'Brien, & Wright, Scranton, PA, Thomas F. Ford, Smith Ford & Associates, Wilkes–Barre, PA, for Exeter Architectural Products, Inc.

Joseph D. Mancano, Britt, Hankins, Schaible & Moughan, Philadelphia, PA, Richard S. Margulies, Britt, Hankins, Schaible & Moughan, Philadelphia, PA, for Charles D. Flack, Jr., Harold E. Flack, II.

### MEMORANDUM AND ORDER

CONABOY, District Judge.

Presently before the Court is the Defendant's, Lawrence P. Simms (hereinafter "Simms"), Motion for Partial Summary Judgement. (Doc. 129). Simms is seeking a partial summary judgement as to whether or not certain statements made by Simms through letters addressed to other shareholders of the corporation, Exeter Architectural Products, Inc. (hereinafter "Exeter"), defamed the Plaintiffs, Charles D. Flack, Jr. and Harold E. Flack, II (hereinafter "the Flacks").

### FACTUAL AND PROCEDURAL HISTORY

The facts of this case are well known to all parties involved, and a full recitation of those facts can be found in this Court's published opinions of *Simms v. Exeter Architectural Products, Inc.,* 868 F.Supp. 668 (M.D.Pa. 1994) and 868 F.Supp. 677 (M.D.Pa.1994), as

well as this Court's Memorandum and Order dated September 29, 1995 (Doc. 149). However, for purposes of resolving Simms' pending motion, a brief factual and procedural history surrounding this motion follows.

Simms initiated an action pursuant to 28 U.S.C. § 1332 on May 25, 1993, seeking legal and equitable relief. On February 14, 1994, the Flacks filed in state court a civil action against Simms for defamation. The Flacks' defamation claim arises out of numerous letters which Simms had written to other Exeter shareholders. Within these letters, Simms stated, *inter alia* that: 1) the Flacks committed illegal acts under Pennsylvania Business Law; 2) the Flacks have obstructed the operation of the corporation's board under its own by-laws; 3) the Flacks attempted to remove this case from federal court to state court because the Flacks had influence over members of the state bench; 4) the Flacks have misrepresented the financial condition of the corporation to the shareholders; 5) the Flacks extended a loan to the Exeter corporation at "above market rates"[1]; and 6) that Exeter seems to be paying the legal expenses for the Flacks' lawsuit.

The Flacks also claim that other defamation claims, in the form of slander claims, are based on oral statements made by Simms concerning the Flacks. This defamation case was later consolidated into the above-captioned matter by order of this Court dated June 2, 1994.

## DISCUSSION

Pursuant to Fed.R.Civ.P. 56(c), a motion for summary judgment will only be granted if there is no genuine issue of material fact and if the moving party is entitled to relief as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1985). A fact is "material" if proof of its existence or nonexistence would effect the outcome of the lawsuit under the applicable law in the case. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. An issue of material fact is "genuine" if the evidence is such that a reasonable jury might return a verdict for the non-moving party. *Hankins v. Temple University*, 829 F.2d 437, 440 (3d Cir.1987).

In determining whether an issue of material fact exists, the court must consider all evidence in the light most favorable to the nonmoving party. *White v. Westinghouse Electric Company*, 862 F.2d 56, 59 (3d Cir. 1988). A moving party is entitled to a judgment as a matter of law if the nonmoving party does not make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1985).

In support of his Motion for Partial Summary Judgement, Simms claims that he is entitled to summary judgement because: 1) he was conditionally privileged to make the statements; 2) there is no evidence that any of the statements in the letters was false; 3) the statements contained in the letters were of his own opinion; and 4) there is no evidence that the Flacks have incurred any damage because of his statements.

After reviewing the pleadings, affidavits and relevant case law, Fed.R.Civ.P. 56(e), we shall deny Simms' Motion for Partial Summary Judgement (Doc. 129). We shall address each claim *seriatim.*[2]

---

1. The Flacks contend that this allegation is interpreted to mean that the Flacks were unduly profiting from the loan to Exeter.

2. In ruling on Simms' motion for partial summary judgement, we must first determine a whether or not the statements in the letters are defamatory. *Marcone v. Penthouse International Magazine for Men*, 754 F.2d 1072, 1078 (3d Cir.), *cert. denied*, 474 U.S. 864, 106 S.Ct. 182, 88 L.Ed.2d 151 (1985). A statement which tends to associate one with conduct, character or a condition which would tend adversely affect the conduct of his lawful business or profession is defamatory. *Walker v. Grand Central Sanitation, Inc.*, 430 Pa.Super. 236, 242, 634 A.2d 237 (1993), *appeal denied*, 539 Pa. 652, 651 A.2d 539 (1994) (citations omitted). Also, statements which tend to harm or harass one's reputation are also defamatory. *Id.* (citations omitted). For the reasons enunciated *infra*, we find that the statements contained in the letters may be defamatory. However, whether the statements can be taken as defamatory on the part of the recipient is a question of fact for the jury to determine. *Corabi v. Curtis Publishing Company*, 441 Pa. 432, 442, 273 A.2d 899 (1971).

### Simms' Claim of Conditional Privilege To Make the Statements

Simms claims that he "had a duty and therefore a privilege to inform the shareholders of his views of what was happening at Exeter." In essence, Simms is claiming that since he is still a director of Exeter, he had a duty to inform the shareholders of the occurrences at Exeter. The Flacks contend that Simms has no such privilege, and, even if he did have such a privilege, that Simms has abused his conditional privilege, resulting in a loss of that privilege.

■ It is well established that the publisher of a defamatory statement is not liable if the publication was made subject to a certain privilege. *Elia v. Erie Insurance Exchange*, 430 Pa.Super. 384, 391, 634 A.2d 657 (1993), *appeal denied*, 430 Pa.Super. 384, 634 A.2d 657 (1994); *Chicarella v. Passant*, 343 Pa.Super. 330, 337, 494 A.2d 1109 (1985). "Conditional privileges arise when the communication involves an interest of the publisher, the recipient, a third party or the public." *Johnson v. Resources For Human Development, Inc.*, 860 F.Supp. 218, 222 (E.D.Pa.1994) (citing *Elia*, 634 A.2d at 660).

■ A review of Pennsylvania case law reveals that, in the past, corporations and directors of corporations have been allowed to claim a conditional privilege when publishing allegedly defamatory statements. *See Montgomery v. Dennison et al*, 363 Pa. 255, 69 A.2d 520 (1949); *Bargerstock v. Washington Greene Community Action Corporation*, 397 Pa.Super. 403, 580 A.2d 361 (1990). Furthermore, a defendant may claim such a conditional privilege if the published statement concerns an interest of the publisher, recipient, or a third party. *Johnson, supra.* The statements which Simms published to the Exeter shareholders deal with allegations of wrong doing by the Flacks as directors of Exeter, which could affect the shareholders and the corporation. Since the statements, if true, could affect the shareholders' interest in Exeter, we are of the opinion that Simms did have a conditional privilege to make the statements.

### The Possibility of Simms Abusing the Conditional Privilege

■ That Simms had a conditional privilege does not end our analysis. Once the conditional privilege has been raised and established, the burden of proving abuse of that conditional privilege then shifts to the plaintiff. *Banas v. Matthews Intern Corporation*, 348 Pa.Super. 464, 468, 502 A.2d 637 (1985) (quoting *Rutt v. Bethlehem Globe Publishing Co.*, 335 Pa.Super. 163, 185, 484 A.2d 72 (1984)). The holder of a conditional privilege can lose the conditional privilege it is shown that the publisher abused the privilege. *Burns v. Supermarkets General Corp.*, 615 F.Supp. 154, 159 (E.D.Pa.1980).

> Abuse of a conditional privilege is indicated when the publication is actuated by malice or negligence, is made for a purpose other than that for which the privilege is given, or to person not reasonably believed to be necessary for the accomplishment of the purpose of the privilege, or includes defamatory matter not reasonably believed to be necessary for the accomplishment of the purpose.

*Beckman v. Dunn*, 276 Pa.Super. 527, 537, 419 A.2d 583 (1980) (citations and footnotes omitted). "Legal malice consists of a wrongful act, done intentionally without cause or excuse...." *Beckman*, 276 Pa.Super. at 537, n. 3, 419 A.2d 583 (citing *Corabi v. Curtis Publishing Co.*, 441 Pa. 432, 273 A.2d 899 (1971)).

■ Although it is a question of law as to whether or not the conditional privilege applies, it is a question of fact as to whether or not that privilege has been abused. *Johnson*, 860 F.Supp. at 223; *Agriss v. Roadway Express, Inc.*, 334 Pa.Super. 295, 309, 483 A.2d 456 (1984) (citing *Montgomery v. City of Philadelphia*, 392 Pa. 178, 140 A.2d 100 (1958)). It would be outside our province to decide whether or not Simms maliciously published the statements, and we therefore leave this issue for the determination of the jury.

### Falsity of Simms' Statement

■ Simms next claims that he is entitled to partial summary judgement because the Flacks have failed to show that any of

the statements he made are false. Pursuant to Pennsylvania law, truth is an absolute defense, *Corabi*, 441 Pa. at 449, 273 A.2d 899, and the defendant has the burden of proving that the statement is substantially true. *Chicarella v. Passant*, 343 Pa.Super. 330, 341, n 5, 494 A.2d 1109 (1985); *Corabi*, 441 Pa. at 450, 273 A.2d 899.

■ Simms claims that "there is simply no evidence to support a claim that what Simms wrote to the shareholders was false." Simms claims that absent the Flacks pleading the issue of falsity in their original complaint, the statements cannot be defamatory. However, the Flacks are correct in stating that they do not have to prove falsity in their defamation case. *See Corabi*, 441 Pa. at 449, 273 A.2d 899.

■ The Flacks submitted to this Court portions of the transcript from Simms' deposition, at which he was questioned about the basis for making the statements. When asked whether he was speculating that the Flacks had influence over the state courts, Simms responded "[a]bsolutely." Doc. 133, App. A, 134. When asked what facts he had in his possession that the Flacks had influenced the local courts, Simms responded: "I had no facts one way or another relating to that. I made clear that I could not fathom the reason that they took that action." Doc. 133, App. A, 136.

When asked whether he believed that the Flacks could have gone to another lending institution and obtained a loan at an interest lower than what Exeter received from the Flacks, Simms responded: "I don't know. I have no way of knowing. I didn't try to do it." Doc. 133, App. A, 132.

When asked whether he knew for a fact that Exeter's counsel was paying the Flacks' legal expenses, Simms stated that all he could do was speculate, and that "it strongly indicated to me without actually looking at invoices and checks that the company was paying for all legal action in defense of this lawsuit." Doc. 133, App. A, 139; 138. It appears from a review of the pleadings and affidavits that Simms has not met his burden of showing that the statements are true.

### Simms' Claim that the Statements Were Merely Opinion

■ Simms next claim that "expressions of opinion are not actionable." It is true that generally, an opinion is not actionable as defamatory. *Elia v. Erie Insurance Exchange*, 430 Pa.Super. 384, 390, 634 A.2d 657 (1993), *appeal denied*, 537 Pa. 662, 644 A.2d 1200 (1994). However, "an opinion can be defamatory if there are certain undisclosed facts justifying the opinion that are understood to be defamatory." *Fort Washington Resources, Inc. v. Tannen*, 846 F.Supp. 354, 365 (E.D.Pa.1994). Additionally, if the underlying facts are false, the opinion is not protected. *Burns v. Supermarkets General Corporation*, 615 F.Supp. 154, 158 (E.D.Pa. 1985) (quoting *Redco Corporation v. CBS, Inc.*, 758 F.2d 970, 972 (3d Cir.), *cert. denied*, 474 U.S. 843, 106 S.Ct. 131, 88 L.Ed.2d 107 (1985)).

■ Whether the statement or writing constitutes fact or opinion is a question of law for the court to determine. *Elia*, 430 Pa.Super. at 390, 634 A.2d 657. After reviewing the transcripts, we feel that Simms' statements contained in the letters are not based on his opinion.

For example, Simms stated during his deposition that he was speculating when he stated that the Flacks had certain influence over the state courts. When asked about whether he thought that Exeter could have received a loan from a commercial lender at a lower rate than that obtained from the Flacks, Simms stated that "he had no way of knowing." Doc 133, App. A, 132; 136. If there were no facts from which Simms could formulate an opinion that the Flacks were receiving a financial benefit at the expense of Exeter, then Simms' statement could not have been in the form of an opinion. Simms also stated that he was speculating that Exeter was paying the legal expenses which the Flacks incurred in defending this case. Doc. 133, App. A, 138–9.

### The Flacks' Proof of Harm

Lastly, Simms claims that the Flacks have not suffered harm to their reputation. In a defamation action, the plaintiff must prove, *inter alia*, special harm resulting from the

**438**

publication of an allegedly defamatory statement. 42 Pa.C.S.A. § 8343(a)(6).

■ The meaning of harm encompasses impairment of reputation and standing in the community, personal humiliation, or mental anguish or suffering. *Agriss,* 334 Pa.Super. at 316, 483 A.2d 456 (quoting *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 350, 94 S.Ct. 2997, 3012, 41 L.Ed.2d 789 (1974)).

■ Pennsylvania courts have ruled that a plaintiff need only prove injury to his reputation in order to recover. "A plaintiff in Pennsylvania need not prove special damages or harm in order to recover; he may recover for any injury done [to] his reputation and for any other injury of which the libel is the legal cause. *Agriss,* 334 Pa.Super. at 328, 483 A.2d 456.

■ In this case, the Flacks contend that their reputation has been tarnished by Simms, since some shareholders have contacted Simms and further inquired about the Flacks' alleged actions. Doc. 129, App. A, letter dated January 7, 1994. Harold E. Flack, II also stated in his deposition that he felt that their (both his and Charles Flacks') reputation has been damaged by Simms' statements because the Simms' accusations. We agree with the Flacks that the shareholders' further inquiry into the " 'improper' and 'self-dealing' loans" is enough to establish harm to the Flacks' business reputation. Furthermore, Simms accused the Flacks of interfering with his personal mail. Doc. 129, App. A, document dated April 2, 1993, page two (2) encaptioned "some anticipated shareholder questions." This is an allegation of an indictable offense, 18 U.S.C. § 1708, and statements imputing the commission of an indictable offense are defamatory meaning as a matter of law. *See Marcone v. Penthouse International Magazine for Men,* 754 F.2d 1072, 1078 (3d Cir.), *cert. denied,* 474 U.S. 864, 106 S.Ct. 182, 88 L.Ed.2d 151 (1985). We are of the opinion that libelous statements such as these would definitely harm one's standing in the community.[3]

An overall review of the facts surrounding this motion reveal too many conflicting facts for us to grant Simms' Motion for partial Summary Judgement. The record and pleadings reveal that both parties view Simms' intentions in publishing the statements contained in the shareholder letters rather differently. Therefore, summary judgement is not appropriate where such an essential fact is in dispute. "Because a jury is particularly well suited to deciding factual issues concerning a parties' intent or the reasonableness of a parties' conduct, such issues are generally not appropriate for summary adjudication by the court." *Wittekamp v. Gulf & Western, Inc.,* 788 F.Supp. 246, 248 (W.D.Pa.1992). In this instance, where so many essential facts are being interpreted differently, the facts must be decided by the trier of fact, and not by this Court.

### CONCLUSION

For the foregoing reasons, Simms' Motion for Partial Summary Judgement (Doc. 129) is denied. An appropriate Order is attached.

### *ORDER*

AND NOW, THIS 10th DAY OF FEBRUARY, 1996, IT IS HEREBY ORDERED THAT the Defendant's [Simms] Motion for Partial Summary Judgement (Doc. 129) is DENIED.

---

**3.** Our opinion is bolstered by the fact that imputation of commission of a criminal act is one of the four (4) types of slander per se, of which damages are presumed without proof due to the severity of the statement. *See Walker v. Grand Central Sanitation, Inc.,* 430 Pa.Super. 236, 634 A.2d 237 (1993), *appeal denied,* 539 Pa. 652, 651 A.2d 539 (1994).