**UNITED STATES ex rel. Gary KIRSCH, Plaintiffs,**

v.

**Samuel ARMFIELD III, M.D., Vascusonics, Inc., and Penn Vascular Lab, P.C., Defendants.**

No. CIV.A. 93–1101.

United States District Court, W.D. Pennsylvania.

Nov. 5, 1998.

G. Tomas Rhodus, Albert W. Schollaert (U.S.A.), Michael F. Hertz (U.S. Dept. of Justice), Pittsburgh, PA, for Plaintiffs.

Edward A. Olds, James B. Lieber, Pittsburgh, PA, for Defendants.

## OPINION

ZIEGLER, Chief Judge.

Pending before the court is the motion (doc. no. 59) of plaintiff, the United States, to dismiss defendants' counterclaim for setoff for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The United States contends that the court lacks jurisdiction over the claim because, as a jurisdictional prerequisite, defendants have failed to exhaust their administrative remedies with the Health Care Financing Administration ("HCFA"), an agency of the United States Department of Health and Human Services ("HHS"), and HHS. Defendants rejoin that their counterclaim is a setoff and not an affirmative claim for relief, and therefore jurisdiction is extant. For the reasons that follow, we will grant the motion to dismiss.

## I. FACTUAL BACKGROUND

Plaintiffs, the United States and relator Gary Kirsch, filed this qui tam action under the False Claims Act ("FCA"), 31 U.S.C. § 3729 et seq., and common law against defendants, Samuel Armfield, III, M.D., Vascusonics, Inc., and Penn Vascular Lab, P.C. The United States alleges that defendants submitted excessive and unnecessary claims for Part B Medicare reimbursements for noninvasive physiologic studies.[1] Defendants rejoin that the United States owes them additional sums for

---

1. "Part B of Medicare is a voluntary supplementary medical insurance program that provides partial reimbursement for services including 'outpatient' diagnostic services. 42 U.S.C. §§ 1395j–1395x." Pl. United States' Am. Compl. at ¶ 8, p. 3. Part B claims are processed by independent carriers, usually insurance companies, under contract with HHS. 42 U.S.C. § 1395u.

tests which were performed but never submitted for payment, and for tests which were improperly denied. Defendants allege that these claims are a setoff and not affirmative claims for relief.

## II. MOTION TO DISMISS STANDARD

On a motion to dismiss, we must view the allegations of the pleading and reasonable inferences therefrom as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Melikian v. Corradetti*, 791 F.2d 274, 276 (3d Cir. 1986). A motion to dismiss cannot be granted "unless it appears beyond doubt that the [party] can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). If it appears that the facts alleged in the pleading, even if true, fail to support the parties' claim, the court may grant a motion to dismiss. *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988). A motion to dismiss a counterclaim is decided by the same standard as a motion to dismiss a complaint. *See* Fed.R.Civ.P. 12(b); *Johnson v. Resources for Human Dev., Inc.*, 860 F.Supp. 218, 220 (E.D.Pa.1994).

## III. LEGAL ANALYSIS

Defendants' answer states:

61. Defendants performed numerous tests for which they never billed the government. Additionally, the HCFA and Xact/Blue Shield improperly denied appropriate claims, refused to pay for services which were provided because they were medically necessary and, therefore, Plaintiff is liable to these Defendants for improper withholding of payment. They seek a set off of any sums due the government for the costs of those tests.

Defs.' Answer to Am. Compl. of the United States (doc. no. 57) at ¶ 61, p. 19. Essentially, defendants have advanced two groups of claims as a setoff: (1) those that have been presented to the agency and denied; and (2) those which were never presented to the agency.

## A. Sovereign Immunity of the United States

■■■ Generally, the United States is immune from suit unless federal legislation expressly waives sovereign immunity and authorizes suit. *United States v. Shaw*, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (1940). "[T]he terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586–87, 61 S.Ct. 767, 85 L.Ed. 1058 (1941) (citations omitted). "Therefore, in an action instituted by the government a counterclaim, like any other claim against the United States, can be interposed only when the government has waived its immunity from suit on that claim." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure 2d* § 1427 (2d ed.1990)(citing cases at n.1). Although the federal rules provide that a defendant may assert a counterclaim against the plaintiff, the right of a party to assert a counterclaim does not trump the sovereign immunity of the United States. Fed.R.Civ.P. 13(d)("These rules shall not be construed to enlarge beyond the limits now fixed by law the right to assert counterclaims or to claim credits against the United States or an officer or agency thereof.") The burden of establishing federal jurisdiction rests with the party asserting jurisdiction. *Midland Psychiatric Assocs., Inc. v. United States*, 145 F.3d 1000, 1003 (8th Cir.1998)(citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). A waiver of sovereign immunity must be express and unequivocal, and must be strictly construed in favor of the United States. *Clinton County Comm'rs v. United States Envtl. Protection Agency*, 116 F.3d 1018, 1021 (3d Cir.1997).

## B. Relevant Provisions of the Social Security Act

Section 1869(b)(1) of the Social Security Act ("the Act") provides, in relevant part, that "[t]he determination of whether an individual is entitled to benefits ... under Part B of this subchapter shall be made by the **Secretary** in accordance with regulations prescribed by him." 42 U.S.C. § 1395ff (emphasis added). Section 205 of the Act further provides that:

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides.

42 U.S.C. § 405(g).

Upon consideration of these provisions, the appellate courts have held that the presentment and exhaustion of administrative remedies with respect to Part B Medicare claims is a jurisdictional prerequisite to suit. *See American Academy of Dermatology v. Department of Health & Human Servs.*, 118 F.3d 1495, 1499 (11th Cir.1997); *Martin v. Shalala*, 63 F.3d 497, 504–05 (7th Cir.1995); *Farkas v. Blue Cross & Blue Shield of Mich.*, 24 F.3d 853, 860–61 (6th Cir.1994); *Abbey v. Sullivan*, 978 F.2d 37, 46–47 (2d Cir.1992); *National Kidney Patients Ass'n v. Sullivan*, 958 F.2d 1127, 1132–34 (D.C.Cir.1992). We agree.

■ The Supreme Court has held that, "[w]here Congress specifically mandates, exhaustion is required." *McCarthy v. Madigan*, 503 U.S. 140, 144, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992); *see also Coit Independence Joint Venture v. Federal Sav. and Loan Ins. Corp.*, 489 U.S. 561, 579, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989).

Congress, in its enactment of the above provisions of the Act, mandated that a party seeking Part B Medicare benefits must present the claim for benefits to the Secretary of the Department of Health and Human Services, and exhaust the administrative remedies before judicial review by the federal courts.

## C. Judicial Waiver of Exhaustion Requirement

Defendants argue that exhaustion is not required because the Supreme Court has held that in "cases ... where a claimant's interest in having a particular issue resolved promptly is so great that deference to the agency's judgment is inappropriate." *Mathews v. Eldridge*, 424 U.S. 319, 330, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). The courts have found waivers of the exhaustion of administrative remedies of claims for Part B Medicare benefits when: (1) the claim is collateral to a demand for benefits; (2) exhaustion is futile; and (3) the claimant would suffer irreparable harm if required to exhaust the administrative remedies before obtaining relief. *Pavano*, 95 F.3d at 150; *Martin*, 63 F.3d at 504; *Abbey*, 978 F.2d at 44.

■ The requirement of **presentment** of claims for administrative review is nonwaivable. *Midland*, 145 F.3d at 1003. To the extent that defendants seek to recover for claims not yet presented to the agency, these claims are not subject to waiver. Therefore, our discussion of waiver must be limited to those claims which were presented to and denied by the HCFA.

■ We find that waiver is inapplicable here. First, despite defendants' characterization of their claims as a setoff, the claims are claims for benefits that were presented to the HCFA and allegedly improperly denied. They are direct claims for Part B Medicare benefits.

Second, defendants have failed to establish that exhaustion would be futile. Defendants argue that their claims for $499 for each patient should not be subject to

the exhaustion requirement because they cannot be judicially reviewed. For a party to obtain judicial review, the amount in controversy must exceed $1,000. 42 U.S.C. § 1395ff(b)(2)(A); 42 C.F.R. § 405.857. Even assuming that each claim of $499 would be reviewed separately, we lack jurisdiction because judicial review is simply not available for these claims. *Id.; see also Abbey,* 978 F.2d at 43–44. Moreover, defendants may be entitled to aggregate their claims: "In determining the amount in controversy, the Secretary, under regulations, shall allow two or more claims to be aggregated if the claims ... involve common issues of law and fact arising from services furnished to two or more individuals." 42 U.S.C. § 1395ff(b)(2)(B). If aggregated, judicial review of defendants' claims is available.

Defendants further maintain that exhaustion would be futile because the result would be preordained. They allege that the government has already decided that the tests performed by defendants were not medically necessary. Although this reasoning is appealing, there is nothing in the record to suggest that HHS, an administrative law judge, or the appeals board cannot address defendants' arguments that the tests performed were medically necessary and/or that the regulations were improperly applied. "Exhaustion provides an opportunity to present the issues administratively and to develop the underlying facts to ensure a record for judicial review." *United States v. Royal Geropsychiatric Servs.,* 8 F.Supp.2d 690, 695 (N.D.Ohio 1998). In sum, defendants' futility argument fails. *See Abbey,* 978 F.2d at 46; *Martin,* 63 F.3d at 505.

■ Third, defendants have failed to show that they will be irreparably harmed if required to exhaust their administrative remedies. Although defendants may en-

counter further delay, delay alone does not warrant a waiver of the exhaustion requirement. *Martin,* 63 F.3d at 505. We hold that defendants must fully exhaust their appeals within the administration.

### D. Recoupment Exception

Defendants seek to overcome the immunity of the United States by characterizing the ninth affirmative defense as a defensive setoff, and not a counterclaim. Defendants maintain that, in the appellate cases cited by the government, the Medicare claimants were plaintiffs, and that "the judicial review arose at the behest of the claimants." Defs.' Br. in Opp. to Mot. to Dismiss at p. 5.

There is an exception to the general rule of sovereign immunity from counterclaims, namely, a defendant may interpose "by way of recoupment any claim arising out of the same transaction or occurrence as the original claim in order to reduce or defeat the government's recovery." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *supra,* § 1427 (citations at n.8). "However, if defendant's claim arises from a different transaction or occurrence, then it is in effect an independent suit and it may be asserted as a setoff or a counterclaim only if the government has waived its sovereign immunity."[2] *Id.*

■ We hold that the exception, however laudable and rooted in the federal common law, cannot overcome the express congressional mandate that claims for Part B Medicare benefits must be presented to the Secretary and the appeals exhausted before judicial review by the federal courts. Where the statutory language is unambiguous, we must give effect to the plain meaning of the statute. *United States ex rel. LaCorte v. SmithKline Beecham Clinical Lab., Inc.,* 149 F.3d 227, 232 (3d Cir.1998). Congress' enactment of an

---

2. Even by their characterization of setoff, defendants must show that the government has waived sovereign immunity. *See, e.g., Federal Deposit Ins. Corp. v. F.S.S.S.,* 829 F.Supp. 317, 322 (D.Alaska 1993)(because defendant's counterclaims were setoffs, and thereby permissive counterclaims, defendant's failure to comply with the administrative prerequisites of the Federal Tort Claims Act precluded judicial review of the claims).

extensive statutory scheme for administrative determination of Medicare Part B benefits negates the recoupment exception. See Royal Geropsychiatric Servs., 8 F.Supp.2d at 695 ("Medicare's detailed administrative process is the exclusive mechanism for defendants to recover for any underbillings to the carriers."). A federal court cannot extend a waiver of sovereign immunity beyond that directed by Congress, Shaw, 309 U.S. at 502, 60 S.Ct. 659, and we decline to do so here.

## IV. CONCLUSION

We will dismiss the setoff set forth as the ninth affirmative defense of defendants' answer. The setoff is precluded by defendants' failure to present and exhaust their claims with the HCFA and HHS.

### ORDER

AND NOW, this 5th day of November, 1998, after consideration of the motion (doc. no. 59) of plaintiff, the United States, to dismiss defendants' Ninth Affirmative Defense and Counter–Claim in the Matter of a Set–Off,

IT IS ORDERED that plaintiff's motion to dismiss defendants' counterclaim for lack of subject matter jurisdiction shall be and hereby is granted.