573 A.2d 1116

**Joanne DAYWALT, Appellant,**

v.

**MONTGOMERY HOSPITAL and Jacqueline Burgess, Appellees.**

Superior Court of Pennsylvania.

Submitted March 20, 1990.

Filed April 27, 1990.

120

---

Richard W. Rogers, Norristown, for appellant.

David S. Florig, Philadelphia, for appellees.

Before OLSZEWSKI, JOHNSON and HOFFMAN, JJ.

OLSZEWSKI, Judge:

Joanne Daywalt appeals the trial court's order granting appellees' motion for summary judgment in this defamation

action. The trial court granted appellees' motion because it found that appellees' communications were conditionally or absolutely privileged. We agree with the trial court and affirm the order. Appellant also contends that the trial court erred in dismissing her count asserting wrongful suspension. We find that appeal of this issue is untimely; accordingly, we quash this portion of the appeal.

The record shows that appellant was a radiation therapy technologist employed by appellee Montgomery Hospital. Appellee Jacqueline Burgess was appellant's supervisor. On June 3, 1986, Burgess noticed that appellant was carrying her time card in her pocket. Burgess was suspicious, because appellant had been late for work before and had been reprimanded for tardiness. Later, Burgess inspected the time card and noticed that the time clocked in was faint, as if erased. Burgess suspected that appellant had altered the card.

Burgess discussed the matter with supervisors in the payroll department, as well as the personnel director. The personnel director checked other cards in the department and found that none were faint, as appellant's was.[1] The personnel director concluded that appellant attempted to fraudulently alter her time card, and he dictated a memorandum regarding the incident. This memorandum was typed by his secretary. The secretary may also have overheard a conversation between appellant and the personnel director when appellant was called to his office for disciplinary action.

Appellant brought this action, alleging defamation and wrongful suspension.[2] The count alleging wrongful sus-

---

1. Appellant's brief misrepresents the record regarding this point. Appellant claims that the personnel director "did in fact find one card that had reflected a 'light malfunctioning punch in ... the time clock itself." On the contrary, the personnel director stated at his deposition that "[o]n *no* time card was there a light malfunctioning punch in ... the time clock itself." Deposition of Vincent Arch at page 10 (emphasis added).

2. The complaint in this case is deficient in that it fails to allege the recipients of the publications in question. Nevertheless, the record

pension was dismissed on June 22, 1987, for failure to state a valid cause of action under Pennsylvania law. This decision was never appealed. On August 8, 1989, the trial court granted summary judgment to appellees on the defamation count, finding that the communications were conditionally privileged and that the privilege was not abused. This appeal followed.

Before we reach the merits of this appeal, we must address two procedural issues: whether the appeal of the wrongful suspension was timely, and whether the trial court was authorized to reconsider its denial of a motion for summary judgment nine months after the denial was entered.

Ordinarily, an order dismissing some counts of a multi-count complaint is interlocutory and not appealable; however, where the dismissed counts are separate and distinct causes of action, the order is appealable. *Praisner v. Stocker*, 313 Pa.Super. 332, 336, 338, 459 A.2d 1255, 1258, 1261 (1983). The claim for wrongful suspension is separate and distinct from the claim for defamation. These counts are not "alternate theories to support recovery on the same cause of action." *See Cloverleaf Development v. Horizon Financial F.A.*, 347 Pa.Super. 75, 81, 500 A.2d 163, 167 (1985). These claims request different relief for different harms; accordingly, the order dismissing the claim for wrongful suspension was final and appealable at the time it was entered, more than two years before this appeal. Appeals must be brought at the earliest possible opportunity. Consequently, this appeal is untimely and must be quashed.

Appellant also argues that the trial court did not have the power to reconsider its order denying appellees' motion for summary judgment. We disagree. The statute limiting the time for reconsideration of orders, 42 Pa.C.S.A. § 5505, applies only to appealable orders. *Commonwealth v. Baker*, 352 Pa.Super. 260, 507 A.2d 872 (1986). An order

evinces several possible recipients. We will consider all publications supported by the facts in the record.

denying a motion for summary judgment is not a final, appealable order. Accordingly, we must address the merits of this appeal.

Appellant asserts that there is a genuine issue of material fact whether the publications in question were done on a proper occasion, in a proper manner, from a proper motive, to proper parties, and upon reasonable cause. We find no genuine issues of material fact; consequently, we affirm the order of the trial court.

 Appellant alleges that a defamation occurred when a secretary prepared appellant's notice of suspension. This Court has held that employers have an absolute privilege to publish defamatory matters in notices of dismissal or warning letters. *Agriss v. Roadway Express, Inc.*, 334 Pa.Super. 295, 483 A.2d 456, 464 (1984). This privilege can be lost through excessive publication. *Id.* Incidental publication to a secretary or stenographer in the course of preparing such notices is not an abuse of the privilege. *Cf.* Restatement of Torts (2d) § 604 comment b, paragraph 2 (incidental publication to secretaries, clerks, and stenographers in the course of standard business practices is not an abuse of a conditional privilege). Thus, as a matter of law, the publication to the secretary was privileged. Accordingly, the trial court properly granted summary judgment with regard to this publication.

 Appellant also alleges defamation in publications to members of the payroll department and to the personnel director. A publication is conditionally privileged if the publisher reasonably believes that the recipient shares a common interest in the subject matter and is entitled to know. Restatement of Torts (2d) § 596. This privilege applies to private communications among employers regarding discharge and discipline. *Cf. Id.*, comment c, paragraph 2. The members of the payroll department and the personnel director shared Burgess's interest in appellant's activities. The members of the payroll department were responsible for inspecting and reviewing time cards. As such,

they were entitled to know of Burgess's suspicions regarding alteration. The personnel director is responsible for disciplinary procedures. As such, he was entitled to know of any possible misconduct.

Appellant emphasizes the fact that Burgess did not follow the hospital's organizational chart when conveying her suspicions. This fact is irrelevant. All of these recipients had a common interest in the matters published.

Furthermore, appellant has utterly failed to show any abuse of the privilege. The plaintiff has the burden of pleading and proving abuse of privilege. 42 Pa.C.S.A. § 8343. The only evidence or allegation of abuse in the record is a vague statement in the complaint that Burgess "wickedly intended" to cause appellant harm.

A thorough review of the record reveals no evidence of spite, malice, or improper purpose. Rather, the record shows that Burgess and the personnel director made an effort to ascertain the truth of the matter.[3] The record does not reflect any animus or hostility directed toward appellant. On the contrary, appellant's own deposition shows that appellee began harassing her after this incident, not before. Deposition of Joanne Daywalt at 55–57. Burgess's deposition shows that she felt neutral toward appellee before the incident. Deposition of Jacqueline Burgess at 5–6. The trial court gave appellant the opportunity to provide evidence of malice, but she failed to produce any information on this matter.

In addition, the record shows an abundance of reasonable cause for belief that appellant altered her time card. Appellant carried the card with her during the day. Her department was one of the few with an ink eraser. Her time card was the only one with a faint entry that morning. She had a history of tardiness and had been reprimanded for it.

3. The record shows that Burgess consulted the payroll officers to solicit their opinion whether the card was tampered with. At his deposition, the personnel director testified that he inspected all of the other time cards to determine whether any of them were similarly faint.

The publications to the personnel director and the payroll department were conditionally privileged. There is no genuine issue whether the privilege was abused, as there is no evidence that the publishers acted upon improper motives, for improper reasons, or without reasonable cause. Accordingly, the trial court properly granted summary judgment with regard to these publications.

Order affirmed.