**Jeffrey MARTIN**

v.

**Brenda J. BICKING; Ken Hopton; and Mr. Swiger.**

**No. Civ.A. 98–5739.**

United States District Court, E.D. Pennsylvania.

Dec. 10, 1998.

Don Bailey, Harrisburg, PA, for Jeffrey Martin, plaintiff.

Howard M. Holmes, Administrative Office of PA Courts, Phila, PA, for Brenda J. Bicking, defendant.

## MEMORANDUM

BRODERICK, District Judge.

Plaintiff Jeffrey Martin brings this civil rights action under 42 U.S.C. § 1983 against Brenda Bicking ("Bicking"), the presiding district justice for Magisterial District 15–1–03 in Coatesville, Chester County, Pennsylvania, and two constables, Ken Hopton ("Hopton") and Mr. Swiger ("Swiger"), alleging false arrest, "unlawful seizure and search of the person," false imprisonment, and malicious prosecution. Plaintiff's claims arise out of a series of summary offenses he was imprisoned for in Chester County for 28 days in 1995 and 27 days in 1996. Plaintiff seeks compensatory and punitive damages, as well as an award of costs and attorney's fees.

Presently before the Court is a motion brought by Defendant Bicking to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has not responded to this motion. Although this Court may grant Bicking's motion as uncontested pursuant to Local Rule 7.1(c) of the Federal Rules of Civil Procedure, the Court will briefly address the merits of the instant motion. For the reasons stated below, Defendant Bicking's motion to dismiss Plaintiff's complaint will be granted.

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) the Court looks to the allegations of the Plaintiff's complaint. The Court must accept as true the facts as alleged in Plaintiff's complaint and must "draw all reasonable inferences from those facts in the light most favorable to the plaintiff." *Giusto v. Ashland Chemical Co.,* 994 F.Supp. 587, 592–93; *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir.1990).

Plaintiff's allegations, viewed in the light most favorable to the Plaintiff, are that Bicking jailed Plaintiff for a period of 28 days in 1995, after a two-minute hearing at which he was not given an opportunity to be heard or an opportunity to defend himself, even though she knew that he was not the individual charged in the 1989 citation for "bad checks" and he had never been given proper notice of the 1987 citation for disorderly conduct. Plaintiff's Complaint at ¶¶ 10–14. Plaintiff further alleges that after he was released from prison, he was forced to make payments on the bad checks, even though Bicking knew that he did not commit the offense, and that she refused to drop the charges against him even when he brought the "correct" Jeffrey Martin to her office. Plaintiff's Complaint at ¶¶ 15–16. Plaintiff also alleges that he was arrested again in 1996 on charges which again included the 1987 citation for disorderly conduct which Bicking knew to be "defunct" because it was "procedurally and substantially baseless," the 1989 bad check citation, even though Bicking knew that Plaintiff was not the person charged in that citation, and a 1996 citation for criminal trespass, which Bicking knew had not been properly served and filed. Plaintiff's Complaint at ¶¶ 17–21. Despite the alleged procedural flaws in the charges against him, Plaintiff was sentenced to 27 days in prison by Bicking on these charges. Plaintiff's Complaint at ¶¶ 18–21.

The United States Supreme Court has made clear, as early as 1872, that judges "are not liable in civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley v. Fisher,* 13 Wall. 335, 347, 20 L.Ed. 646 (1872). Based on this rule, the Supreme Court has "consistently adhered to the rule that 'judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities.'" *Dennis v. Sparks,* 449 U.S. 24, 27, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980) (quoting *Supreme Court of Virginia v. Consumers Union,* 446 U.S. 719, 734–35, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980)) (internal citations omitted). This judicial immunity is "immunity from suit, not just from an ultimate assessment of damages." *Mireles v. Waco,* 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Judicial immunity can therefore not be overcome by allegations of bad faith or malice. *Pierson v. Ray,* 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The immunity can be overcome only in two circumstances. *Mireles,* 502 U.S. at 11, 112 S.Ct. 286. A judge is not "not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Mireles,* 502 U.S. at 11, 112 S.Ct. 286. A judge is also not immune for actions, although judicial in nature, taken in the "complete absence of all jurisdiction." *Id.* at 12, 112 S.Ct. 286.

The doctrine of judicial immunity applies equally to courts of limited jurisdiction, such as district justices, as to courts of general jurisdiction. *See Schmidt v. Degen,* 376 F.Supp. 664 (E.D.Pa.1974). *See also Schuler v. City of Chambersburg,* 641 F.Supp. 657 (M.D.Pa.1986); *Horne v. Farrell,* 560 F.Supp. 219 (M.D.Pa.1983). Bicking therefore enjoys absolute immunity unless her actions were taken outside of her judicial capacity or were taken in the "complete absence of all jurisdiction." *Mireles,* 502 U.S. at 12, 112 S.Ct. 286. Neither of these exceptions are present here. Defendant Bicking was clearly acting in her judicial capacity when she took the actions alleged by Plaintiff to be violative of his constitutional rights. All of Plaintiff's allegations arise out of his trial and sentencing by Bicking, in her role as a district justice, for summary offenses he allegedly committed in Chester County.

Bicking's actions were clearly not taken in the "complete absence of all jurisdiction." *Mireles,* 502 U.S. at 12, 112 S.Ct. 286. Un-

der Pennsylvania state law, District Justices are given jurisdiction over summary offenses and preliminary matters in other criminal proceedings. 42 Pa.C.S. § 1515. Plaintiff's complaint makes no allegation that the offenses that Bicking adjudicated were anything other than summary offenses. Rather, Plaintiff's complaint alleges that Bicking had no jurisdiction over Plaintiff at his 1996 hearing because she knew that the charges against him were procedurally deficient. *See* Plaintiff's Complaint at ¶ 21. This allegation, even construed in the light most favorable to Plaintiff, is not sufficient to deprive Bicking of judicial immunity. *See Schmidt,* 376 F.Supp. at 668–69 (argument that the defendant district justice of the peace should be denied immunity because she abused her jurisdiction must fail in the absence of allegations by the plaintiff that the defendant "improperly took jurisdiction over his case"). Under Pennsylvania law, Bicking, as a district justice, had jurisdiction to adjudicates summary offenses against Plaintiff. Bicking's adjudication of those offenses forms the gravamen of Plaintiff's claims against Bicking. Any procedural defect in the offenses charged, even if the defect was sufficient to deprive Bicking of personal jurisdiction over Plaintiff, does not constitute a clear absence of jurisdiction sufficient to deprive Bicking of judicial immunity. *See Schmidt,* 376 F.Supp. at 668–69. *See also Ashelman v. Pope,* 793 F.2d 1072, 1078 (9th Cir.1986); *Green v. Maraio,* 722 F.2d 1013, 1017 (2d Cir.1983). The Supreme Court has made clear that it is only the clear absence of jurisdiction, not merely an excess of jurisdiction, which deprives a judicial officer of immunity. *Pierson,* 386 U.S. at 554, 87 S.Ct. 1213.

For the foregoing reasons, the Court finds that Plaintiff's claims against Bicking are barred by the doctrine of judicial immunity. Therefore, Bicking's motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) will be granted. Because the Court finds that Plaintiff's claims against Bicking are barred by the doctrine of judicial immunity, the Court finds it unnecessary to address Bicking's further contention that Plaintiff's claims are barred by the doctrine of *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because Plaintiff's claims, if proven, would necessarily imply the invalidity of a presently-in-force state conviction and the plaintiff has not alleged that the convictions have been overturned on appeal, expunged, declared invalid, or called into question by a federal writ of habeas corpus. The Court therefore need not address Bicking's contention that this Court lacks subject matter jurisdiction over Plaintiff's claims.