

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-4-2006

# Foster v. JLG Ind Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1537

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Foster v. JLG Ind Inc" (2006). *2006 Decisions.* Paper 357.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/357

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1537
_____

JAMES E. FOSTER,

Appellant

v.

JLG INDUSTRIES, INC.; MR. CLIFFORD B. GEIGER; MR. DUANE SOUDERS,
Manager, JLG; EUGENE SWOPE, Manager, JLG; SAMUEL SWOPE, V.P. Human
Resources, JLG; JEANNE WAKEFIELD, Human Resources, JLG; KOLLMAN &
SAUCIER; FRANK KOLLMAN; PETER SAUCIER

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 03-cv-2088)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit LAR 34.1(a)
September 22, 2006

Before: FISHER, ALDISERT AND WEIS, CIRCUIT JUDGES.

(Filed:  October 4, 2006 )

_____

OPINION
_____

PER CURIAM

James E. Foster appeals the orders of the United States District Court for the Middle District of Pennsylvania awarding judgment to the defendants in his lawsuit.  In February 2005, Foster filed a third amended complaint against JLG Industries, Inc., four of its employees, the law firm representing JLG, and three of the law firm's attorneys.[1] Foster alleged civil rights violations under 42 U.S.C. §§ 1983 and 2000(e)(3), civil conspiracy in violation of 42 U.S.C. § 1985, retaliation in violation of 29 U.S.C. § 623(d), and state tort law claims including defamation, fraud, and intentional infliction of emotional distress.[2]  He maintains that the district court erred in dismissing all claims except one (the Age Discrimination in Employment Act ("ADEA") (29 U.S.C. § 623(d)) claim against JLG), and erred by later granting summary judgment to JLG on the ADEA claim.  He further contends that the district court abused its discretion when it denied his motion for extension of time to compel depositions and that it improperly required him to turn over his witness list prior to a pre-trial conference.  Finding no error with the district court's actions, we will affirm.

I.      Dismissal of claims on June 6, 2005

After the defendants moved to dismiss all claims, the district court dismissed Foster's claims under § 1983, § 1985 and Title VII, and his claims for fraud, intentional

---

[1] Foster filed his initial complaint in November 2003.  When he sought to amend it, the district court provided Foster with several opportunities to file an amended complaint that would comport with federal and local rules and the district court's orders.

[2] In his appellate brief, Foster claims that he wants the law for "forgery" to be applied to his case, however, Foster did not assert a forgery claim in his third amended complaint and we need not consider what, if any, applicability such law would have to his case.

infliction of emotional distress and defamation. We agree with the district court's assessment and dismissal of these claims.

Prior to Foster's filing a third amended complaint, the district court issued an order on December 21, 2004, specifically identifying certain claims that it would permit Foster to file in a third amended complaint. The court had previously rejected Foster's §§ 1983 and 1985 claims, and so it did not permit Foster to re-file these claims. To permit amendment of these claims would have been futile, first, because Foster sued entirely private actors–he named no state actors as defendants such that a § 1983 claim might lie. Also, Foster alleged no cognizable federal violation that could form the basis of civil conspiracy under § 1985. The district court correctly dismissed these claims in its June 6, 2005 order.

In addition, the district court's December 2004 order did not grant Foster leave to file claims for fraud or intentional infliction of emotional distress. Foster's third amended complaint containing these claims was, therefore, appropriately restricted by the district court. Under Fed. Rule of Civ. P. 15(a), litigants should be granted leave to amend "when justice so requires." However, there are reasons to curtail or deny a request for leave to amend, including where, such as here, there is "repeated failure to cure deficiencies by amendments previously allowed" and there would be "futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). The district court had provided Foster with ample opportunities to amend in the year and a half that Foster's action had been pending; the third amended complaint was Foster's fourth attempt at an amended

3

complaint. The court also wisely determined that these latest amendments also would have caused undue delay and "undue prejudice to the opposing party by virtue of allowance of the amendment." Id.[3]

As for his defamation claim, Foster asserted that the defendants (several or all of them) defamed him when they opposed his claim for unemployment benefits by representing that he had sexually harassed a female co-worker. Foster was initially denied benefits, but the Pennsylvania Unemployment Compensation Board of Review ("PUCBR") reversed that decision on appeal because the sexual harassment allegations were based upon hearsay. Foster need not have proved his defamation claim in the pleadings stage, but his allegations in the complaint on this charge could hardly be deemed enough to overcome a motion to dismiss: in the defamation count, Foster merely states that "he is an Identifiable Victim" and that "[t]his determination is supported by the Pennsylvania Unemployment Compensation Board of Review - Referee's Decision." But these statements alone do not assert a viable defamation claim against the numerous defendants named in this action, even affording the complaint wide latitude.[4]

---

[3] We also agree with the district court that Foster failed to state a claim on either the fraud or intentional infliction of emotional distress claims. As noted in the district court's memorandum opinion, this Court has opined how "extremely rare" it is "to find conduct in the employment context that will rise to the level of outrageousness necessary" for a claim of intentional infliction of emotional distress. Cox v. Keystone Carbon, 861 F.2d 390, 395 (3d Cir. 1988). Additionally, Foster's fraud claim fell far short of the specificity required for allegations of fraud. See Fed. R. Civ. P. 9(b).

[4] Alternatively, the statements made to the PUBCR (or to the Pennsylvania Human Relations Commission ("PHRC"), as suggested in Foster's brief on appeal) would likely be considered privileged by Pennsylvania courts because proceedings before these bodies

The district court also dismissed Foster's Title VII claim. Foster maintained that the defendants violated Title VII by retaliating against him for filing an ADEA claim, reporting leakage of hazardous waste, and reporting sexual harassment of other co-workers to his employer in late 1995. Neither of the first two claims falls within the purview of Title VII, which prohibits discrimination based upon race, color, religion, sex or national origin. See 42 U.S.C. § 2000e-2.[5]

More to the point, the district court correctly noted that Foster's claim based on the sexual harassment complaints was unexhausted. Foster's two complaints filed with the PHRC (one in 1997 and another in 2001) do not allege that he was terminated because he reported sexual harassment of other co-workers. Rather, they allege, respectively, that JLG terminated Foster because of his age, and that defendants later retaliated against him for filing the first Pennsylvania Human Relations Act ("PHRA") complaint by giving negative employment references. A Title VII claimant must exhaust administrative remedies prior to seeking relief in federal court. "A complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to the suit specified by Title VII: prior submission of the claim to the EEOC or conciliation or

---

are quasi-judicial in character. See Milliner v. Enck, 709 A.2d 417, 419 n.1 (Pa. Super. Ct. 1998); see also Giusto v. Ashland Chemical Co., 994 F.Supp. 587, 593-94 (E.D. Pa. 1998) (holding that PHRC proceedings are quasi-judicial and statements made in the normal course of those proceedings are absolutely privileged).

[5] We address below Foster's claim that he was retaliated against under the ADEA. Foster did not raise any issue regarding retaliation for reporting hazardous waste in his brief on appeal.

resolution." Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997) (internal quotations omitted). Foster did not demonstrate that he exhausted this claim with the EEOC.

## II. Grant of Summary Judgment to JLG[6] on ADEA Retaliation Claim on January 30, 2006

Foster alleged that, after he filed an age discrimination claim with the PHRC, JLG retaliated against him by failing to provide positive employment references for him.[7] The district court correctly disposed of this claim because Foster failed to demonstrate a prima facie case of retaliation under the McDonnell Douglas framework, namely: (1) that he engaged in a protected activity; (2) that he was subject to adverse action by the employer either subsequent to or contemporaneous with the protected activity; and (3) that there was a causal connection between the protected activity and the adverse action. Fasold v. Justice, 409 F.3d 178, 188 (3d Cir. 2005) (noting that in the absence of direct evidence of retaliation, retaliation claims under the ADEA and the PHRA ordinarily proceed under the McDonnell Douglas framework).

Foster made a series of damaging admissions with respect to this claim, as

---

[6] In an order entered on June 16, 2005, the district court clarified that the only remaining defendant after the June 6 dismissal order was JLG. The court's December 21, 2004 order had limited Foster to filing an ADEA claim against JLG only, since the additional defendants were not individually liable under the ADEA. See Violanti v. Emery Worldwide A-CF Co. , 847 F.Supp.1251, 1257 (M.D. Pa. 1994).

[7] In his amended complaint, Foster also alleged that he was terminated in retaliation for filing the age discrimination complaint with the PHRC. Considering that Foster was terminated on January 20, 1997, and he filed his complaint in the PHRC on January 24, 1997, the district court correctly dismissed this part of Foster's ADEA claim on June 6, 2005, because "it would have been impossible for Defendants to retaliate against an action that had not already occurred." District Court 6/6/05 Op., at 17.

highlighted by the district court in its January 30, 2006, opinion. See District Court 1/30/06 Opinion, at 6-7. Specifically, Foster admitted at his deposition that he believed that JLG had terminated him because of personal vendettas against him, none of which involved age. Foster further stated that the theory he had been terminated for age was the view of his former attorney, and that he did not share that view. He also admitted to a JLG Vice President that age discrimination "had nothing to do" with his filing of the PHRA complaint, but that he needed to file something because he did not have insurance.

Like another case decided by this Court in which the retaliation claimant made damaging admissions under oath, we find that "[h]is own words under oath completely preclude him from establishing the third of the three prongs necessary to prevail in a retaliation case." Glanzman v. Metro. Management Corp., 391 F.3d 506, 511 (3d Cir. 2004). Stated otherwise, Foster could not establish causation even if he had produced some evidence of an adverse action, which he did not. Furthermore, the district court rightly determined that Foster's statements belied that he had a good faith, reasonable belief when he pursued the age discrimination claim with the PHRC. See Aman v. Cort Furniture Rental Co., 85 F.3d 1074, 1085 (3d Cir. 1996) ("A plaintiff need not prove the merits of the underlying discrimination complaint, but only that he was acting under a good faith, reasonable belief that a violation existed."). The district court's order granting summary judgment to JLG was well-justified.

III. Denial of Motion for Extension of Time to File a Motion to Compel Depositions

7

Months after the district court dismissed all claims except for the ADEA claim against JLG, Foster filed a motion for an extension of time to file a motion to compel depositions. The district court denied it on November 18, 2005. Foster had sought to depose two witnesses (who refused to appear unless compelled to by valid subpoenas) but failed to personally serve the subpoenas, properly sign them, and to include the required witness fee and mileage.

We discern no abuse of discretion with respect to the denial of Foster's discovery motion. Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1310 (3d Cir. 1995) (applying abuse of discretion standard "when reviewing orders regarding the scope and conduct of discovery"). Contrary to Foster's assertions, the required criteria for subpoenas were not "mere technicalities" used to deny Foster the extension; in addition to the fact that the subpoenas were invalid, Foster apparently sought to compel information that was irrelevant to the sole remaining claim in the case, the ADEA claim. We would also point out that Foster's case had been pending since November 2003, and the case had been ongoing for approximately two years. The district court's denial of the motion was entirely reasonable.

Finally, in his appellate brief, Foster states that the district court required him to submit a witness list prior to a pretrial conference. He does not identify any specific order related to this contention, nor does he elaborate further on this claim. We would simply note that the district court has discretion to manage its caseload, and, within those duties, Federal Rule of Civil Procedure 16(c) notes that at any pretrial conference, the

8

court may consider and take appropriate action with respect to "the avoidance of unnecessary proof and cumulative evidence, and limitations or restrictions on the use of testimony under Rule 702 of the Federal Rules of Evidence," and "the identification of witnesses and documents." Id. at (4) and (7). Ordering a litigant to provide a witness list prior to a pretrial conference is *not* an abuse of discretion. It is entirely in accordance with the federal rules and is often a necessary requirement in order for district courts to manage cases effectively.