Sheila Hickey GARVEY, Plaintiff,

v.

DICKINSON COLLEGE, et al., Defendants.

No. CV–88–1924.

United States District Court,
M.D. Pennsylvania.

May 16, 1991.

---

Kenneth A. Wise, Harrisburg, Pa., for plaintiff.

Douglas B. Marcello, Thomas, Thomas & Hafer, Harrisburg, Pa., for defendants.

## ORDER NO. 2

McCLURE, District Judge.

## BACKGROUND

Plaintiff Sheila Garvey alleges in this Title VII action[1] that she was sexually harassed and subjected to gender-based discrimination from 1985 to 1987 while she was employed as a professor of drama at Dickinson College ("Dickinson") in Carlisle, Pennsylvania. In addition to Dickinson, Garvey names as defendants George Allan, Ph.D., Dean of the College, and David Peck, M.F.A., formerly an Associate Professor of Drama at Dickinson and Garvey's immediate supervisor from 1985 to 1987.[2]

In her amended complaint,[3] Garvey alleges, in addition to the federal cause of action under Title VII (Count I), pendent state claims for (1) intentional and negligent infliction of emotional distress (Count III)

and (2) defamation (Count IV).[4] She seeks both compensatory and punitive damages. (Plaintiff's amended complaint, filed January 11, 1989).

█ In an order entered May 1, 1991, the court denied plaintiff's motion to amend our prior order granting summary judgment in defendants' favor on her defamation claim. Our May 1, 1991 order was based in part on plaintiff's failure to direct the court's attention to any evidence of record indicating that persons who received the letter she alleges to be defamatory identified the person referred to in the letter as a "hostile junior colleague" as Sheila Garvey. That order was filed prior to our receipt of plaintiff's supporting brief, which was filed on or close to the filing deadline.

In her brief, plaintiff directs our attention to testimony given at her deposition about her disappointing reception at an interview for a teaching position at East Stroudsburg State University. Garvey sensed during the interview that one of the interviewers was hostile and argumentive towards her and felt that the interview was generally disappointing. She contacted a former colleague at Dickinson, Sandro Biro, who was then associated with East Stroudsburg State University. She learned from him that David Peck had applied for the same position and that Dean Allan had written a favorable letter of recommendation for him containing a veiled reference to Garvey. Biro also told Garvey that the interviewer she perceived as hostile had asked him (Biro) if Garvey was the "hostile junior colleague" referred to in Allan's letter. (Garvey deposition, pp. 512-17)

█ If plaintiff had full notice and opportunity to meet the issue of lack of identification during the regular briefing of the

---

**1.** The Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., ("Title VII").

**2.** This court's order dated January 18, 1991 (Record Document No. 76) dismissed Count II of plaintiff's amended complaint which alleged a violation of 42 U.S.C. § 1983.

**3.** Record Document No. 6.

**4.** Although plaintiff's amended complaint contains allegations suggesting that defendants interfered with her prospective contractual relations (Count IV), she has indicated that she did not intend to plead a cause of action on that claim. (Plaintiff's opposing brief, filed December 17, 1990, p. 20).

motion for summary judgment, we would not permit her to direct our attention to this evidence for the first time in support of a motion for reconsideration. However, in fairness to the plaintiff, the court granted the motion dismissing the defamation count on the basis of an apparent deficiency not expressed by defendants with sufficient specificity in their motion or brief to alert plaintiff to any need to deal with the issue in her responsive brief. Accordingly, we will reconsider our prior order dismissing plaintiff's defamation claim. 761 F.Supp. 1175. Our primary reason for dismissing her defamation claim was the dearth of evidence indicating that a recipient of the Peck letter of reference would discern, or have any interest in discerning, who the "hostile junior colleague" was and the unlikelihood that this had occurred. That reason has been abrogated by plaintiff's now directing our attention to the East Stroudsburg incident.

However, plaintiff's assertion of this incident does not end the matter. In their opposing brief, defendants argue strenuously that Allan's statements in the letter of reference were conditionally privileged. Although we concluded in our prior opinion that the privilege which allows an employer to comment on the conduct of a former employee does not apply, we did not rule out the possibility that another form of privilege might apply.

The Pennsylvania courts recognize a conditional privilege which applies if

the circumstances are such as to lead any one of several persons having a common interest in a particular subject matter correctly or reasonably to believe that facts exist which another sharing such common interest is entitled to know.

*Gaiardo v. Ethyl Corp.,* 697 F.Supp. 1377, 1383 (M.D.Pa.1986) (Kosik, J.). Accord: *Vargo v. Hunt,* 398 Pa.Super. 600, 581 A.2d 625, 627 (1990).

Allan's letter was written to a prospective employer of Peck. Allan could reasonably have believed that the employer had right to a full and fair account of Peck's performance while at Dickinson, including an account of circumstances which caused Peck some difficulty and perhaps detracted from his job performance. His remarks were, therefore, clearly conditionally privileged.

■ Conditional privilege can, however, be forfeited if the author of the defamatory communication is motivated solely by spite or ill-will against the plaintiff and not by a desire to benefit a common legitimate objective through full disclosure. It is also forfeited if the statements are false or the defendant acted with reckless disregard as to their truth or falsity. *Gaiardo, supra,* 697 F.Supp. at 1383.

The evidence fails to demonstrate as a matter of law that Dean Allan's inclusion of a veiled reference to plaintiff resulted from "intentional, reckless, or wanton conduct and was not a good faith judgment" that inclusion of this information was necessary to portray accurately Peck's qualifications and his performance while teaching at Dickinson. *Beckman v. Dunn,* 276 Pa. Super. 527, 419 A.2d 583, 588 (1980). Dean Allan made the reference as oblique as possible. He could not have made it any more vague and still convey the same meaning. This indicates not only the absence of ill-will or malice toward plaintiff, but also an attempt to protect her interests and her identity to the fullest extent possible, while still conveying all the information he thought Peck's potential employer was entitled to receive. See generally: *Beckman, supra,* 419 A.2d at 588 ("The publication was not excessive in the scope of material communicated or the extent of circulation and was made for a proper purpose. Under these circumstances, the fact that the publication may have been inspired, in part, by resentment or indignation at the conduct of the person defamed does not constitute abuse of the privilege.")

NOW, THEREFORE, IT IS ORDERED THAT:

1. Plaintiff's motion to alter or amend, filed April 22, 1991, (Record Document No. 97) is deemed a motion for reconsideration of our prior order dated April 11, 1991 (Record Document No. 95). The motion for reconsideration is granted, but we reaffirm

our April 11, 1991 order dismissing plaintiff's defamation claim on other grounds.

2. The order entered May 2, 1991 (Record Document No. 103) is vacated as prematurely issued.