

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-12-2002

# Howard v. Deklinski

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4171

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Howard v. Deklinski" (2002). *2002 Decisions.* Paper 722.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/722

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 01-4171

———

WILLIAM R. HOWARD,
                                         Appellant

v.

KAREN DEKLINSKI; GARY SMITH; JOHN DUNN; JOHN CONNOLLY;
SUSAN WERTZ; ROGER FICKES; ABILITECH INC.;
DEPARTMENT OF CONSERVATION AND NATURAL RESOURCES

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 00-cv-01649)
District Judge:  Hon. Sylvia H. Rambo

———

Submitted Under Third Circuit LAR 34.1(a)
October 31, 2002

Before:  SLOVITER, FUENTES, Circuit Judges
and FULLAM,* District Judge

(Filed: November 12, 2002)

———

OPINION OF THE COURT

———

*       Hon. John P. Fullam, Senior Judge, United States District Court for the Eastern
        District of Pennsylvania, sitting by designation.

SLOVITER, Circuit Judge.

The appellant, William R. Howard, brought this action under 42 U.S.C. § 1983, asserting, among others, a claim of defamation regarding communications from Defendants John Connolly, Susan Wertz and Abilitech, Inc. (hereafter "the Abilitech Defendants") to Howard's employer, the Pennsylvania Department of Conservation and Natural Resources (hereafter "the DCNR"). On April 11, 2001, the District Court granted a motion to dismiss all counts against the Abilitech Defendants excepting the state law defamation claim. On October 4, 2001, after determining that Howard failed to establish a question of material fact, the District Court granted summary judgment for the Abilitech Defendants on the remaining claim. See Memorandum and Order, Howard v. Deklinski, Civ. No. 00-1649 (M.D. Pa. Oct. 4, 2001). That Order is the subject of this appeal.

Howard asserts, as he did before the District Court, that the Abilitech Defendants abused the conditional privilege by which the communications were otherwise protected because those Defendants were motivated by malice and because the information conveyed went beyond that relevant to the investigation of sexual harassment which was the genesis of the inquiry into Howard's conduct. Because we conclude that the District Court correctly applied the law, and that there are no genuine issues of material fact as to either the existence of malice or the Abilitech Defendants' exceeding the scope of the conditional privilege, we will affirm.

2

**I.**

In 1998 and 1999, Howard was employed by the DCNR as a manager in the Bureau of State Parks and served as project manager for the State Park Reservation and Revenue System. His responsibilities necessitated interaction with the employees at a park system reservations call center staffed by the Pennsylvania Institute for the Blind and Handicapped, pursuant to its contract with the DCNR. Abilitech, as subcontractor, employed disabled individuals to serve as telephone operators at the call center.

In September 1999, Defendant Susan Wertz, an Abilitech employee and office manager of the call center, received a sexual harassment complaint from a female employee at the call center regarding Jiles Clugh, a male employee. In the course of her investigation of the complaint, Wertz learned that Howard was present during and participated in some alleged incidents of sexual harassment. She reported her findings, including specific allegations against Howard made by the employees interviewed, to her supervisor, Defendant John Connolly. Connolly then met with Howard's immediate supervisor at the DCNR, Defendant Gary Smith, and provided him with Wertz's report as well as a supplemental document prepared by Connolly. This supplemental document included additional concerns regarding Howard's conduct while at the call center, including unprofessional behavior and possible inebriation, as well as concerns regarding his participation in incidents of sexual harassment. Following an investigation by the DCNR, Howard was notified that based on his participation "in a pattern of sexual misconduct/sexual harassment directed at female employees at the Abilitech call center,"

3

he was being suspended for five days and demoted. Howard appealed the disciplinary acts to the State Civil Service Commission which conducted a hearing and concluded that good cause existed for the DCNR's imposition of disciplinary action. Howard then filed this action with the District Court. The District Court concluded that:

> [the Abilitech] Defendants have established, and Plaintiff has conceded, that the communication of information about Plaintiff by Defendant Wertz to Defendant Connolly and by Defendant Connolly to Commonwealth Defendant Smith was published in the context of a conditionally privileged occasion. Moreover, Plaintiff has failed to raise an issue of fact as to the abuse of the conditional privilege. The information was not actuated by malice or negligence; was not made for a purpose other than that for which the privilege was given; was not made to any persons not reasonably believed to be necessary for the accomplishment of the purpose of the privilege; and did not include defamatory matter not reasonably believed to be necessary for the accomplishment of the purpose. Accordingly, Plaintiff has failed to raise an issue of fact for trial as to the abuse of a conditional privilege . . .

Oct. 4, 2001 Memorandum at 13-14. Howard timely appealed the District Court's October 4, 2001 grant of summary judgment regarding his defamation claim against the Abilitech Defendants.

## II.

We exercise jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's grant of summary judgment is plenary and we must affirm summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See, e.g., Matczak v. Frankford Candy and Chocolate Co., 136 F.3d 933, 936 (3d Cir. 1997). We review the facts in the light most favorable to the non-moving party. See

4

Beers-Capitol v. Whetzel, 256 F.3d 120, 130 n.6 (3d Cir. 2001).  That party must, however,

point to specific facts demonstrating that a genuine issue exists for trial, and may not rest

upon entirely unsupported allegations.  See Fed. R. Civ. P. 56(e); Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248 (1986).[1]

### III.

A publication that might otherwise be defamatory is subject to a conditional

privilege "'if the publisher reasonably believes that the recipient shares a common interest

in the subject matter and is entitled to know.'"  Miketic v. Baron, 675 A.2d 324, 330 (Pa.

Super. 1996) (quoting Daywalt v. Montgomery Hosp., 573 A.2d 1116, 1118 (Pa. Super.

1990)).[2]  The privilege may, however, be waived by abuse, which occurs when a publication

of misinformation (1) is actuated by malice or negligence; (2) is made for a purpose other

than that for which the privilege is given; (3) is made to a person not reasonably believed to

be necessary for the accomplishment of the purpose of the privilege; or (4) includes

defamatory matter not reasonably believed to be necessary for the accomplishment of the

---

[1]    See also id. at 249 (noting that a factual dispute is "genuine" only if there is a sufficient evidentiary basis to allow a reasonable fact finder to return a verdict for the non-moving party).  Appellant's assertion that "it is outside the province of a court to decide whether or not a defendant" has abused a conditional privilege reflects a fundamental misunderstanding of the law.  See Brief of Appellant at 14.

[2]    See also Garvey v. Dickinson College, 763 F. Supp. 796, 798 (M.D. Pa. 1991) (noting that Pennsylvania courts recognize a conditional privilege which applies if "'the circumstances are such as to lead . . . persons having a common interest in a particular subject matter correctly or reasonably to believe that facts exist which another sharing such common interest is entitled to know'") (quoting Gaiardo v. Ethyl Corp., 697 F. Supp. 1377, 1383 (M.D. Pa. 1986)); Restatement of Torts (2d) § 596 (1977).

purpose.  <u>Elia v. Erie Ins. Exch.</u>, 634 A.2d 657, 661 (Pa. Super. 1993).[3]  As discussed above, Howard contends that the Abilitech Defendants abused the conditional privilege because they were motivated by malice and because the information published to his supervisor went beyond the scope of the initial sexual harassment inquiry.  The burden is on the plaintiff to demonstrate that the privilege has been abused.  <u>See</u> 42 Pa. Cons. Stat. Ann. § 8343(a).

## IV.

Howard asserts that the Abilitech Defendants' communications were motivated by a desire to remove him in an effort to conceal their own mismanagement of the call center and that they conducted their investigation in a biased fashion.  He does not contend that the Abilitech Defendants falsely reported the results of the employee interviews or that they had reason to believe that the information conveyed to Howard's supervisor was false or inaccurate.  Rather, Howard is apparently relying on the subjective malice which he asserts may be inferred from the Abilitech Defendants' supposed antipathy toward him as a result of alleged disagreement regarding administrative matters.

Howard has proffered no evidence whatsoever of actual malevolence on the part of the Abilitech Defendants.  <u>See</u> October 4, 2001 Memorandum at 8-10 (noting that Connolly's report included many complimentary statements regarding Howard's work,

---

[3]    For purposes of summary judgment, the District Court proceeded as though the information published constituted misinformation as the parties did not put the question at issue.  The Court noted, however, that the presumption did not constitute a binding factual determination.

indicating a lack of malice, and that Howard fails to identify any incidents of hostility or malice toward him or any basis for inferring that the investigation was biased).

Moreover, although the conditional privilege may be "forfeited if the author of the defamatory communication is motivated *solely* by spite or ill-will against the plaintiff and not by a desire to benefit a common legitimate objective through full disclosure," Garvey, 763 F. Supp. at 798 (emphasis added), where the defendant reasonably believes in the necessity of the communication, his or her remarks remain subject to the privilege. See id. (upholding conditional privilege where evidence failed to demonstrate as a matter of law that the publication "resulted from 'intentional, reckless, or wanton conduct and was not a good faith judgment'") (quoting Beckman v. Dunn, 419 A.2d 583, 588 (Pa. Super. 1980)); Beckman, 419 A.2d at 588 (holding that where publication was not excessive in the scope of material communicated or extent of circulation, and was made for a proper purpose, the fact that it may have been inspired, in part, by resentment or indignation at conduct of person defamed does not constitute abuse of the privilege); Gutman v. TICO Ins. Co., 1998 WL 306502, *7 (E.D. Pa. 1998) (noting, in discussion of alleged abused of conditional privilege based on malice, that malice "is defined under Pennsylvania's defamation precedents as 'a wrongful act, done intentionally without cause or excuse'") (quoting Simms v. Exeter Architectural Prods., Inc., 916 F. Supp. 432, 436 (M.D. Pa. 1996) (citation omitted)).[4]  Compare Rockwell v. Allegheny Health, Educ. & Research Found., 19

---

[4]  Cf. New York Times Co. v. Sullivan, 376 U.S. 254, 279-80 (1964) (requiring actual malice defined as knowledge of falsity or reckless disregard in order to overcome First

F. Supp. 2d 401, 408-409 (E.D. Pa. 1998) (finding conditional privilege inapplicable where defendant's statements were not "consistent with the interest related to a conditional privilege" and plaintiff "pled numerous facts demonstrating a systematic and continuous pattern of activity by [defendant] to harm his professional reputation")[5] with Daywalt, 573 A.2d at 1119 (affirming summary judgment, finding employee failed to demonstrate abuse of conditional privilege where record did not reflect any animus toward employee before incident, defendant "made an effort to ascertain the truth of the matter," and defendant had reasonable cause for believing truth of published allegations).

We therefore agree with the District Court that the evidence raises no disputed issue of material fact as to the presence of malice on the part of the Abilitech Defendants.

## V.

Howard alleges that substantial portions of the Abilitech Defendants' report to his supervisor did not concern allegations relevant to charges of sexual harassment and therefore were outside the conditional privilege. However, as the trial court correctly observed, the Abilitech Defendants' privilege extends not only to the purpose of preventing

---

Amendment privilege in defamation action brought by public figure); Buker v. Blake, 1986 WL 11440, * 2 (E.D. Pa. 1986) ("To show malice [to obviate the conditional privilege] for the purposes of a defamation action, the plaintiff must demonstrate that the defendant made the defamatory communication with the knowledge that it was false or with reckless disregard of whether it was false.") (citing Raffensberger v. Moran, 485 A.2d 447, 453 (Pa. Super. 1984)).

[5]    The Court concluded that defendant's statements "demonstrate[d] disregard for . . . truthfulness" and that "[a]ccordingly [those statements] were beyond the confines of any claims of privilege . . . ." Id. at 409.

workplace harassment, but also to Abilitech's and the DCNR's shared purpose of ensuring proper operation of the call center in accordance with their contract.[6]  Because all of the conduct at issue was alleged to have taken place in the context of Howard's supervision of that operation, and related to Howard's job performance and interaction with other employees, it is clear that any potentially defamatory information in the reports pertained to that privileged purpose.  See Garvey, 763 F. Supp. at 798 (communication to prospective employer, providing fair account of employment performance, including "account of circumstances which caused [plaintiff] some difficulty and perhaps detracted from his job performance," were "clearly conditionally privileged"); Daywalt, 573 A.2d at 1118-1119 (finding no abuse of privilege in communication of possible misconduct to those with an employment "interest in [plaintiff]'s activities," who were "entitled to know of [defendant]'s suspicions").

**VI.**

For the reasons set forth above, we will affirm the decision of the District Court.

---

[6]    See generally Miketic, 675 A.2d at 329 (upholding privilege as to communication of incidents involving employee and supervisor, noting that proper occasion giving rise to conditional privilege exists when "(1) some interest of the person who publishes defamatory matter is involved; (2) some interest of the person to whom the matter is published or some other third person is involved; or (3) a recognized interest of the public is involved") (citing Keddie v. Pennsylvania State Univ., 412 F. Supp. 1264 (M.D. Pa. 1976) (citations omitted)).  The Miketic Court concluded that the publishers and recipient of communications about the employee's performance shared a common interest giving rise to a conditional privilege.  Id. at 330.

TO THE CLERK:

Please file the foregoing opinion.


/s/ Dolores K. Sloviter
Circuit Judge